In re CUSTODY OF GREGORY GENE HARNE et al.—(GENE M. HARNE, Petitioner-Appellee, v. NANCY HARNE JOHNSON, Respondent-Appellant—(RAY McMANUS et al., Intervenors-Appellants).)

Second District   No. 78-137

Opinion filed December 18, 1978.

RECHENMACHER, J., dissenting.

Ira Mark Goldberg, Richard J. Moriarty, and Bernard H. Shapiro, all of Prairie State Legal Services, and John G. Hooley, both of Rockford, for appellants.

David L. Martenson, of Martenson & Donohue, of Rockford, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The legal custody of the two minor children was transferred from their mother, Nancy Harne Johnson, to their father, Gene M. Harne, pursuant to a decree of divorce. The maternal grandparents, Ray and Alpha McManus, who had been entrusted by the mother with the physical custody of the children were permitted to intervene in the trial court. They appeal, contending that the court's finding of changed circumstances warranting the transfer of custody was against the manifest weight of the evidence, and that the court erred in refusing to consider proffered evidence that the father was not supporting the children pursuant to the divorce decree.

The divorce decree, entered June 27, 1972, granted custody of Gregory, then age 4, and Carrie Harne, age 2, to their mother. In the fall of 1975 she began working and was unable to care for the children.

Physical custody was then transferred to the grandparents. The mother remarried on March 2, 1974, and had a daughter who at the time of the hearing was under one year of age. Since the divorce she had lived in a number of different locations, at one time was separated from her new husband, and at all times since the divorce had experienced financial difficulties. Gene Harne had also remarried and has two children by his present wife.

In the late summer of 1976 the grandparents contacted Mr. Harne to request his assistance in enrolling the children in school in the grandparents' locale without payment of the tuition which the school was requesting. Harne responded by filing the petition for change of custody on August 16, 1976, alleging that the children's best interests required custody be returned to their father. The mother appeared to contest the petition and the grandparents asked and were given leave to intervene. At the time of the hearing Mrs. Johnson lived in a one-bedroom apartment, over the tavern where she worked, with her second husband and small child. She admitted that at the present time she did not want the children to live with her but believed they should remain with her parents; however, she said that if anything happened to her parents she and her husband would take the children.

Mr. McManus testified that he was 68 years old and in good health. He and Mrs. McManus support the children, who were age 8 and 6 respectively at the time of the hearing, with their social security and the pension he receives from his former employer. He testified that he receives no support from the children's father. His daughter, he testified, came to see the children "once a week sometimes." Later he stated that she had seen the children between 30 and 40 times during 1977. There was testimony that both the Harne home and the McManus home were suitable for the children.

We do not review the evidence bearing on the issue of custody in greater detail inasmuch as we have concluded that the cause must be reversed and remanded because the trial court did not seriously consider the application of the prevailing statutory law. The new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) became effective October 1, 1977. The actual hearing on custody did not begin until October 31, 1977, and therefore the evidence should have been taken and the issues decided pursuant to the new law. As pertinent here the Act provides:

"(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying

these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." Ill. Rev. Stat. 1977, ch. 40, par. 610(b).

At the close of the evidence the judge said that he could "find no fault" with Mr. and Mrs. McManus, the grandparents. He felt between the father and the mother the "father has the greater right." He said that he was keeping in mind that when the mother was better situated•the grandparents would give the children to her and that would afford no stability. He thereupon changed the legal custody. Several days later counsel for the grandparents presented a motion for reconsideration of the order pointing out that section 610 of the new law required a finding that the present environment endangered the children's health before there could be a modification. The judge then responded:

"I find it endangered their moral health and mental health since Grandma and Grandpa are too old to take care of them. If you want a ruling on that, I so make the judgment, whatever the wording is in 6—10. And I refuse to interview the children. * * * I will go over again, it is in the best interest of these children, their welfare, that their custody be reposed in their father and whatever the statute says and whatever the law is about their moral whatever you said, and I find that's true, that grandma and grandpa are bad for them, whatever words you want to use; they are better with their father."

It seems clear that the trial court determined that a modification of the custodial judgment was in the best interests of the children. However, it seems equally clear that the judge did not make the finding that the modification meets with one of the three requirements of section 610 of the new law: either that the custodian agreed to the modification, that the child had been integrated into the family of the party seeking modification with the consent of the custodian or that the children's present environment seriously endangers their physical, moral, mental or emotional health. In determining the effect of the children's present environment the court's consideration should include the present circumstances of both the mother and father as they relate to the children's welfare, the possible adverse effect of having two visiting

parents as well as the present physical environment with the grandparents.

We therefore reverse the judgment and remand the cause to the circuit court of Winnebago County with directions for reassignment of the hearing on the petition for change of custody and for further proceedings in accordance with the views we have expressed.

Reversed and remanded with directions.

NASH, J., concurs.

Mr. JUSTICE RECHENMACHER, dissenting:

I respectfully dissent. In this appeal the intervening petitioners (the grandparents) contend that the court erred in refusing to hear evidence as to the father's nonsupport of the children and that the court abused its discretion in transferring custody from the mother to the father on the basis of the evidence presented.

I agree with my colleagues that this case should be decided pursuant to the new Illinois Marriage and Dissolution of Marriage Act. As pertinent here the Act provides:

"(b) The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to prior judgment unless:

(1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." Ill. Rev. Stat. 1977, ch. 40, par. 610(b)(1), (2), (3).

The trial court here determined that a modification of the custody order was in the best interests of the children.

The law requires that competing custody and support claims be resolved in accordance with the best interests of the child and places upon the court the burden of determining where that interest resides. *DeYoung v. DeYoung* (1978), 62 Ill. App. 3d 837, 379 N.E.2d 396.

It is obvious to me from the testimony of all parties that Nancy not only does not have any place for the children to stay and cannot support them, but she does not even want custody. On the other hand, as between the grandparents and the father, the father not only has the superior natural right, but in addition to that he has sought custody, whereas the grandparents do not, apparently, want actual legal custody. I would gather from the evidence that the grandparents recognize their daughter is not a responsible person, but that they would like the children to remain in their *de facto* custody. This would leave the children in an indefinite and unsatisfactory legal position—the responsibility for the children not being legally decided. Nor is it fair to the father to expect him to support the children in his former wife's parents' home when he is willing and able to support them in his own home.

The conditions since the decree of divorce have radically changed. At that time Nancy was given custody but she has since demonstrated neither a desire nor a capacity to take care of the children herself and she has moved some six times since the decree and admits she is unable to furnish a good home for the children.

In *Doyle v. Doyle* (1978), 62 Ill. App. 3d 786, 791, 379 N.E.2d 387, the court said:

"We do not agree that a specific finding with respect to subsection (b)(1) to (3) is required. Subsection (b) expressly requires that a finding should be made that a change in circumstances of the child or custodian has occurred and that a modification is necessary for the child's best interests. The express requirement for these findings indicates that no requirement was intended for more detailed findings on points (1), (2) or (3) although such findings would be of aid to a court of review."

The unstable environment of the mother and advanced age of the grandparents are, in my opinion, a sufficient basis for the trial court's specific finding that the children's best interest would be served by a change in custody.

I would affirm the judgment of the circuit court of Winnebago County.