*In re* CUSTODY OF CHRISTINE SCOTT.—(JOHN SCOTT, Petitioner-Appellee, *v.* JUDY SCOTT, Respondent-Appellant.)

Second District   No. 78-466

Opinion filed August 30, 1979.

Ehrlich, Bundesen, Broecker, Hoffenberg & Seraphin, and Richard F. Weiland, both of Geneva, for appellant.

Howard S. Miller, of Miller & Feda, of Elgin, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:
Respondent, Judy Scott, appeals from a trial court order which

modified an earlier custody award by changing custody of the parties' minor child from her to petitioner, John Scott.

On September 13, 1970, the parties were married and in 1972 their daughter, Christine, was born. In 1976 respondent was hospitalized for 105 days and was diagnosed as having paranoid schizophrenia.

On March 22, 1977, the parties were divorced and custody of Christine was awarded to respondent. In August 1977, however, respondent suffered another psychotic episode in a restaurant while on a trip with Christine. The police were called, and Christine was placed in a children's home for the night. The next day petitioner took Christine home with him. He was granted temporary custody of Christine without prejudice to the mother, who was hospitalized for two months after this occurrence.

On January 11, 1978, John Scott filed this petition seeking a permanent change of custody to himself, and the trial court appointed an attorney to represent the interest of the child. A hearing was held and a psychologist testified that in his opinion Christine would benefit from remaining in the care of her father and his present wife, Linda. He further testified that Christine had shown improvement since she had first been placed in the father's custody, and that returning her to the mother would create a realistic threat of adverse effect on her. At the close of the testimony, and after the arguments of counsel, the trial court concluded that further testimony was needed on the mother's capacity to care for Christine. The court ordered both respondent and Christine to submit to psychiatric evaluation before making his final determination on the question of permanent custody.

Dr. Marshall Falk, a psychiatrist, conducted this evaluation and subsequently testified concerning the results. He stated that in his opinion it might be harmful to Christine to be placed in her mother's custody because of the possibility of the recurrence of the mother's schizophrenia and that another episode could have a very negative effect on Christine. The doctor could make no prediction in regard to the possibility of the recurrence of a psychotic episode since he felt it depended upon the amount of stress in respondent's life. The possibility of recurrence was a sufficient justification, according to the psychiatrist, for leaving Christine in the custody of her father.

On June 2, 1978, the trial court entered an order finding that a change had occurred in the circumstances of the mother and that a modification of custody was necessary to serve the best interests of the child and that there was reason to believe the child's environment might endanger her physical, mental, moral or emotional health. On the basis of these findings, the trial court awarded custody to the father and further ordered him to pay the child's attorney's fees.

A hearing was subsequently held on the respondent's request for attorney's fees and the trial court denied it and ordered the parties to share the fee submitted by Dr. Falk.

Respondent raises four issues on appeal: (1) whether the trial court had statutory authority to order an independent psychiatric examination of the parties; (2) whether the change of custody was against the manifest weight of the evidence; (3) whether the trial court properly denied respondent's request for attorney's fees; and (4) whether the trial court properly ordered the parties to pay the psychiatrist's fee.

■■ A trial court is empowered to order an impartial mental or physical examination of a party where that condition is an issue of the case. (Ill. Rev. Stat. 1977, ch. 110A, par. 215(d)(1).) The trial court itself can order the examination "at any time *during* the trial." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110A, par. 215(d)(2).) Respondent contends that since the order for the psychiatric examination occurred after all of the evidence had been heard and after the closing arguments of the attorneys, the trial was concluded and thus the trial court was without power to order the examination.

Black's Law Dictionary defines "trial" as "[a] judicial examination, in accordance with law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it." (Black's Law Dictionary 1675 (4th ed. 1951).) "[T]he decision of the court * * *, rendering a final judgment on the law and evidence, is the conclusion of the trial." (*Photo Cines Co. v. American Film Manufacturing Co.* (1914), 190 Ill. App. 124, 140.) Since the trial court had not entered judgment on the question of custody, the instant trial was not concluded. (See *Haupt v. La Brea Heating & Air Conditioning Co.* (1954), 125 Cal. App. 2d 888, 270 P.2d 125.) Since judgment had not been entered, the trial court had authority to order the examination.

Respondent next contends that the evidence was insufficient to warrant a change of custody. Section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)) provides:

> "The court shall not modify a prior custody judgment unless it finds, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the cir- cumstances of the child or his custodian and that the modifi- cation is necessary to serve the best interest of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:
>
> (1) the custodian agrees to the modification;

(2) the child has been integrated into the family of the petitioner with consent of the custodian; or

(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

Respondent further argues that the trial court order failed to make the requisite findings necessary to support a custody modification (see *In re Harne* (1978), 66 Ill. App. 3d 820, 384 N.E.2d 460). However, in the instant case, the trial court's order clearly indicates that it considered the statutory requirements and found that they had been met. Thus, the court's findings were sufficient under *Harne*.

■■ The traditional rule in regard to modification of custody is that the decision rests within the sound discretion of the trial court and will not be disturbed on appeal unless it is contrary to the manifest weight of the evidence. (*Katzer v. Katzer* (1978), 61 Ill. App. 3d 299, 310, 378 N.E.2d 316, 325.) In the instant case, the respondent exhibited a history of paranoid schizophrenia. A psychotic episode occurred when the mother and child were on a trip away from home and respondent was subsequently hospitalized for approximately two months. Although the psychiatrist stated that respondent might not suffer another occurrence, he also stated that there could be a recurrence and that possibility is sufficient to support the trial court's determination that the child's environment seriously endangered her health. Thus the trial court's order modifying custody was not against the manifest weight of the evidence. See also *Doyle v. Doyle* (1978), 62 Ill. App. 3d 786, 379 N.E.2d 387.

■■ ■ Respondent next contends that the trial court's denial of her petition for attorney's fees was improper. Under the Illinois Marriage and Dissolution of Marriage Act, the trial court may order either spouse to pay the other's attorney's fees after considering the financial resources of the parties. (Ill. Rev. Stat. 1977, ch. 40, par. 508.) The party seeking to recover attorney's fees must show financial inability to pay and the ability of the other spouse to do so (*Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282), and the decision in regard to fees rests within the sound discretion of the trial court (*Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254). In the instant case, the facts indicate that each party had approximately $100 left after the payment of their monthly expenses. Although the petitioner's income is larger than respondent's, his obligations are also comparably greater and include, in addition to his own attorney's fees, payment of the child's attorney's fees. He is still making payment on debts incurred during his marriage to respondent, and he has the obligation to support his child. Thus we conclude that the trial court's denial of attorney's fees was not an abuse of discretion.

Respondent finally contends that the trial court's order that the parties bear the cost of the psychiatrist's fee is contrary to law. The statutory provision which empowers the trial court to call an impartial medical expert also provides that "[t]he examination shall be made, and the physician or physicians, if called, shall testify without cost to the parties. The court shall determine the compensation of the physician or physicians." (Ill. Rev. Stat. 1977, ch. 110A, par. 215(d)(5).) The Commentary to this provision states it is patterned after the New York impartial medical testimony plan which requires that the expert's compensation be paid by the court. (Ill. Ann. Stat., ch. 110A, par. 215, Historical & Practice Notes, at 204 (Smith-Hurd 1968).) The trial court's order that the parties share the cost of the witness' fee was in error.

We therefore reverse that portion of the trial court's order requiring the parties to pay the psychiatrist's fee. In all other respects the judgment of the trial court is affirmed.

As an ancillary matter we agreed to consider in conjunction with the case petitioner's motion to correct the record. The particular wording challenged by petitioner was only relevant to respondent's right to challenge Dr. Falk's testimony as privileged. Since privilege was not argued on appeal, the question of the proper wording of the record is moot. Petitioner's motion is therefore denied.

Judgment reversed in part, affirmed in part.

GUILD, P. J., and WOODWARD, J., concur.