PRECISION COMPONENTS, INC., Plaintiff-Appellant and Cross-Appellee, v. KAPCO COMMUNICATIONS *et al.*, Defendant-Appellee and Cross-Appellant.

First District (5th Division)   No. 83—3046

Opinion filed March 8, 1985.

Arnstein, Gluck, Lehr, Barron & Milligan, of Chicago (Patrick Mazza and Sally Y. Mengo, of counsel), for appellant.

Eugene F. Friedman, of Chicago, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Precision Components, Inc., appeals from an order granting defendant's, Ken Rubel, d/b/a Kapco Communications, motion for expenses and attorney fees (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) in the amount of $1,297.40. The issues presented are: (1) whether the trial court erred in finding that plaintiff's allegations seeking recovery from defendant individually were untrue and made without reasonable cause; (2) whether the trial court erred in finding that plaintiff's allegation claiming additional damages was untrue and made without reasonable cause and in ruling on the truth of this claim prior to a trial on the merits; and (3) whether defendant showed that actual expenses were incurred as a result of plaintiff's allegations. Defendant cross-appeals, raising the issue of whether the trial court erred in reducing the award of expenses and attorney fees because a portion of the trial time might be used in a subsequent lawsuit. We reverse.

During 1982, Kapco Communications (Kapco) contracted with plaintiff for the purchase of battery chargers. The original purchase order for these goods issued to plaintiff bore the purchaser's designation as "Kapco Communications." This purchase order did not identify Kapco as a division of K. L. Rubel & Associates, Ltd. (K. L. Rubel, Ltd.). Plaintiff invoiced these and subsequent purchases to Kapco's account. Apparently, correspondence regarding these purchases from plaintiff was received by defendant at Kapco. Checks received in payment on the account were drawn on Kapco's account and signed by defendant without any indication that he was signing the checks in a corporate capacity.

It appears that defendant was the president of K. L. Rubel, Ltd. In June 1978, K. L. Rubel, Ltd., purportedly registered the name of Kapco, one of its divisions, as an assumed name of the corporation in the office of the Cook County recorder of deeds. In February 1983, defendant sent a letter to Art Sears (Sears), plaintiff's sales representative. This letter revealed that neither K. L. Rubel, Ltd., nor Kapco was in existence any longer. It also informed plaintiff that the proper corporate name was Kapco, Inc., although this name change was not to be effected until April 1983, some two months later. A check of the office of the Cook County recorder of deeds disclosed no record of an assumed name filing by K. L. Rubel, Ltd. As of March 30, 1984, no assumed name filing had been made in the office of the

Secretary of State. The Secretary of State's records also showed that K. L. Rubel, Ltd., never filed a name change, that on December 1, 1978, Kapco, Inc., was involuntarily dissolved, and that there is no current corporation by the name of Kapco, Inc.

On June 13, 1983, with Kapco in arrears in payments on its account, plaintiff sued both Kapco Communications and Ken Rubel d/b/a Kapco Communications alleging breach of contract and seeking damages in the amount of $11,597.24. Plaintiff filed suit against both defendants due to its confusion regarding responsibility for the account.

In its complaint, plaintiff alleged that $11,597.24 was due and owing. After the complaint was filed, plaintiff's counsel learned that payments made by Kapco in April 1983 had been inadvertently overlooked in arriving at the above figure. In a letter dated July 27, 1983, plaintiff's counsel informed defense counsel that the amount alleged as due and owing would be reduced to $6,503.96 to reflect the April 1983 payments, but that figure would be increased to account for additional damages not included in the complaint. These additional damages included: $2,530.94 for unused materials allocated to Kapco's outstanding purchase orders; $3,935.07 for efforts expended securing Underwriters Laboratories, Inc.'s, approval of the product; and $1,200 for tooling and fabrication charges incurred in the production of the battery chargers sold to defendant. When defendant failed to respond to either the complaint or the July 27 letter, plaintiff moved for entry of a default judgment and for an increase in damages to include the additional damages, resulting in a total sum due and owing of $14,169.96.

Defendant moved to dismiss the complaint on the ground that he was an improper party. The trial court granted the motion. On September 15, an order was entered on the motion to dismiss granting plaintiff leave to refile. Subsequent to the dismissal of the instant litigation, plaintiff did file a new action against K. L. Rubel, Ltd., in the amount of $14,169.96. A second amended complaint reduced that figure to $6,503.96.

On October 17, 1983, defendant moved for an award of expenses and attorney fees, asserting that plaintiff's allegations were untrue and made without reasonable cause. Defendant based his motion on (1) plaintiff's claim that defendant owed $11,597.24 when its own records showed this to be untrue; (2) plaintiff's suit against defendant Rubel personally when it knowingly dealt with a corporation; and (3) plaintiff's motion to increase the damages to which defendant contended plaintiff was not entitled. After the hearing, the trial court

found that these allegations were untrue and made without reasonable cause. Defendant requested $4,201.25 in actual costs and attorney fees. Judgment was granted for defendant, but because the court was of the opinion that some of the time spent in this lawsuit would be useful in a subsequent suit, it awarded defendant only $1,297.40. Plaintiff appeals from the trial court's order, and defendant cross-appeals on the trial court's reduction of attorney fees.

OPINION
■■ Plaintiff's first contention on appeal is that the trial court erred in finding that plaintiff knew it was dealing with K. L. Rubel, Ltd., and that plaintiff's allegations seeking recovery from defendant Rubel individually were untrue and made without reasonable cause.

Section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) provides:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

The purpose of section 2—611 is to penalize a litigant who pleads frivolous or false matters or brings suit without basis in law whereby another party shoulders the burden of expending money for an attorney to defend against an untenable suit. (*In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 28, 295 N.E.2d 580.) Because the statute is penal in nature, it may be invoked only in cases falling strictly within its terms. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628.) When the allegations in question are proved to be both untrue and made without reasonable cause, allowance of attorney fees is proper. (*Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417 N.E.2d 167.) The burden of proving these two elements rests with the party seeking relief. (*Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 405, 432 N.E.2d 1035.) Allowance of fees and costs is discretionary with the trial court and will not be disturbed on review absent a clear abuse of discretion. *Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 144, 421 N.E.2d 1078.

Plaintiff contends that the trial court erred in charging plaintiff with the knowledge that Kapco was an assumed name of the corporation K. L. Rubel, Ltd., and not a name under which defendant personally conducted business. It argues that this finding was erroneous be-

cause at the time that defendant allegedly filed the assumed name of Kapco, it was contrary to public policy for a corporation to conduct business under any name other than the corporate name registered with the office of the Secretary of State.

Defendant argues that plaintiff knew it had dealt with K. L. Rubel, Ltd., because defendant told Sears that his company represented a corporation and because in 1982 it provided business cards indicating that Kapco was a division of K. L. Rubel, Ltd. Additionally, in February 1983 a letter was sent to plaintiff stating that K. L. Rubel, Ltd., and Kapco were no longer in existence and that Kapco, Inc., was the current corporate name.

In 1978, the year K. L. Rubel, Ltd., allegedly filed its assumed name, a corporation had no legal right to use any name other than the name under which it was organized, and use by a corporation of a name different from its legal corporate name was against the public policy of the State. (*Anzalone v. Durchslag* (1971), 1 Ill. App. 3d 125, 128, 273 N.E.2d 752.) We agree that the purported assumed name filing was not allowed under the law in effect at that time and, even if made, of which there is no evidence, could not have served as legal notice to plaintiff that Kapco was a division of K. L. Rubel, Ltd. Defendant's argument is unpersuasive because in addition to revealing that neither K. L. Rubel, Ltd., nor Kapco was in existence, its February 1983 letter to Sears also stated that Kapco, Inc., was the new corporate name. That name change, however, was never made, because defendant failed to file the proper documents with the office of the Secretary of State.

Plaintiff further posits that a legislative amendment enacted subsequent to the alleged assumed name filing in 1978 permits a corporation to use an assumed name. (Ill. Rev. Stat. 1981, ch. 32, par. 157.9a.) Defendant, however, failed to make the requisite statutory assumed name filing pursuant to this amendment which would have served as notice to the plaintiff of the corporation's proper name.

The later amendment to the Act permits a corporation to elect to adopt an assumed name provided certain procedures are followed. That section provides:

> "A corporation may elect to adopt an assumed name that is not the same as, or deceptively similar to, the corporate name or assumed name of any other domestic corporation existing under the laws of this State or of any foreign corporation authorized to transact business in this State, or the same as, or deceptively similar to, any name registered or reserved under the provisions of this Act; * * *.

Such election shall be made by filing with the Secretary of State an application executed by an officer of the corporation, pursuant to a resolution adopted by the corporation, setting forth such assumed name and paying to the Secretary of State the filing fee prescribed in this Act." (Ill. Rev. Stat. 1981, ch. 32, par. 157.9a.)

Because these procedures were not followed, the use of the name Kapco served neither to establish Kapco as a legal entity nor to inform creditors that Kapco and K. L. Rubel, Ltd., were the same corporation.

Because K. L. Rubel, Ltd., failed to comply with the statutory requirements for adopting an assumed name, the corporate name is the name under which it was required to conduct business. However, "a corporation may use any divisional designation or trade name without complying with the requirements of this Act, provided the corporation also clearly discloses its corporate name." (Ill. Rev. Stat. 1981, ch. 32, par. 157.9.) In the instant case, the proper corporate identity was never clearly disclosed to the plaintiff. The purchase orders identified Kapco as the buyer without any further designation of Kapco as a division of K. L. Rubel, Ltd. Invoices sent were apparently received at Kapco, and checks drawn on the "Kapco Communications" account were received in payment of these invoices. The checks carried the defendant's signature but bore no designation that would indicate he was signing in any official capacity. In its letter to the plaintiff, defendant states that neither K. L. Rubel, Ltd., nor Kapco were in existence and that the new corporate name was Kapco, Inc. Because no filing of the new name was ever made with the proper State office, the letter did not constitute a clear disclosure of the purchaser's name. We find that the record does not support a finding that plaintiff knew that K. L. Rubel, Ltd., was in fact the proper party and that the allegations against defendant Rubel individually were untrue and made without reasonable cause. Accordingly, the finding was against the manifest weight of the evidence.

■■ Secondly, plaintiff contends that the trial court erred in finding that the allegation claiming additional damages was untrue and made without reasonable cause and that such a finding was improper prior to a trial on the merits. Specifically, plaintiff argues that its claim for additional damages, which was part of its motion for default judgment, was never considered by the trial court and, therefore, was not properly before the trial court at the hearing on attorney fees.

The record reveals that plaintiff's position is correct. In its original complaint, plaintiff did not seek the additional damages. Plaintiff's

later motion for default judgment sought additional damages, but this motion was never before the trial court, because, in the interim, plaintiff's original action against defendant was dismissed pursuant to his motion. In the absence of the trial court's consideration of the issue of additional damages, it should never have been considered on the motion for attorney fees. Therefore, the trial court erred in ruling that these allegations were untrue and made without reasonable cause.

■ We turn to plaintiff's third and last contention that defendant failed to show that any actual expenses were incurred as a result of plaintiff's allegations as required by section 2—611. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) As discussed earlier, we find that plaintiff's allegations against defendant Rubel personally were not untrue and were not made without reasonable cause. Because section 2—611 applies only where allegations are found to be untrue and made without reasonable cause, we need not discuss the issue of whether any actual expenses were incurred in defending against this allegation.

With respect to plaintiff's allegations that the sum due and owing was $11,597.24, plaintiff maintains that it made a mistake in arriving at this figure by using a computerized recapitulation of the account which it later realized was not then current. Defendant argues that plaintiff knew this figure to be false and that he incurred expenses defending against this untrue allegation.

We believe this allegation falls into the category of an honest mistake which does not support an award of attorney fees. Confusion or an honest mistake should not be the grounds for a finding of bad faith. (*Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 911, 358 N.E.2d 1171.) It is assumed that, in filing pleadings, attorneys have due regard for their duties and responsibilities as officers of the court and are permitted to exercise broad discretion, based on honest judgment, from the facts presented to them. (*Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 405, 432 N.E.2d 1035; *Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 911, 358 N.E.2d 1171.) Our conclusion that plaintiff made an honest mistake is further supported by the fact that after plaintiff's counsel discovered the mistake, he informed defense counsel in a letter dated July 27 that the amount was incorrect and would be corrected. After the dismissal of the original suit, plaintiff refiled its claim crediting defendant with the April 1983 payments and seeking damages of $14,169.96. The complaint was later amended, claiming only $6,503.96 in damages, the amount due minus the additional damages. Further, we believe that defendant did not incur any actual expenses defending against the statement that $11,597.24 was due

and owing, because that statement was not mentioned as a basis for his motion to dismiss. Rather, the only basis for that motion was that defendant was an improper party. Accordingly, even if we accept defendant's position that the allegation is untrue and made without reasonable cause, defendant failed to show that any actual expenses were incurred in defending against this allegation.

Regarding plaintiff's allegation that additional damages were due, we previously stated that this issue was never considered by the trial court and, therefore, could not possibly have been the basis for incurring any expenses or attorney fees. We find that defendant did not show that any money was expended defending against these allegations.

Defendant cross-appeals, contending that the trial court erred in reducing the award of expenses and attorney fees because a portion of the trial time might be useful in a subsequent lawsuit. Because we conclude that the award of attorney fees and costs was an abuse of discretion, we need not address the issue of the propriety of the amount awarded.

For the foregoing reasons, we reverse the order of the trial court granting defendant's motion for expenses and attorney fees.

Reversed.

LORENZ and PINCHAM, JJ., concur.