PLUMBERS' PENSION FUND, LOCAL 130, U.A.; Plumbers Welfare Fund, Local 130, U.A.; the Trust Fund for Apprentice and Journeyman Education and Training, Local 130, U.A.; the Plumbing Council of Chicagoland; Plumbing Contractors Association of Chicago and Cook County; Chicago Journeyman Plumbers' Local Union 130, U.A.; and James J. McCarthy, Not Individually, But as Business Manager of Chicago Journeyman Plumbers' Local Union 130, U.A. and Assignee of Randall Braglia, Don Cunningham, Daniel Drobek, John Beiss, Billy Gill, Thomas Griffin, Stefan Kowalew, Raymond Malec, Robert McCann, William Mroz, Dan O'Shaughnesey, Alfred Preissner, Howard Redman, Anthony Rentaukas, Marko Roth, Ronald Schuntz, Albert Tassi, and Edward Wojtaszek, Plaintiffs,

v.

Terry HUFFMAN, d/b/a Ramco Mechanical Piping or Ramco Plumbing, Inc., Defendants.

No. 86 C 8693.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1987.

Thomas E. Brabec/Douglas A. Lindsay/Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for plaintiffs.

John J. Henley, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Various union employee benefit funds, plumbers' unions and union works have brought this action under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1982), to enforce an arbitration award against defendant Terry Huffman, d/b/a Ramco Mechanical Piping or Ramco Plumbing, Inc. Currently before the Court is plaintiffs' motion for summary judgment. For the reasons noted, we grant that motion.

### FACTS

Defendant Terry Huffman executed an Area Collective Bargaining Agreement ("Area Agreement") with several local unions to which the individual defendant union workers belonged. When Huffman executed the Area Agreement, he indicated his firm name was "Ramco Mech Piping" and that his own title was "Sec."

The Area Agreement at issue here provided that the employer was to pay wages to employees covered under the Area Agreement, and it established a Joint Arbitration Board to settle any disputes under the Area Agreement. Upon charges filed by the Chicago Journeymen Plumbers' Local 130, U.A., the Joint Arbitration Board made the following findings: (1) that Terry Huffman, d/b/a Ramco Mechanical Piping, had violated the contribution and deduction sections of the Area Agreement; (2) that

Terry Huffman, d/b/a Ramco Mechanical Piping, has failed to have sufficient funds to cover a check issued for the welfare fund contributions for the month of September 1984 in the amount of $4,423.20; and (3) that Terry Huffman, d/b/a Ramco Mechanical Piping, had violated Article VII, Sections 4 and 8 of the Collective Bargaining Agreement with the Chicago Journeymen Plumbers' Local Union 130, U.A. by failing and refusing to pay wages to certain U.A. journeymen. The Arbitration Board then ordered that Terry Huffman, d/b/a Ramco Mechanical Piping, make certain payments to the various union funds and to the employees in the amounts due them. The arbitrator's decision was made on February 6, 1986. Plaintiffs then brought this lawsuit to enforce the arbitration award nine months later on November 7, 1986. Terry Huffman made no attempt to vacate the arbitration decision and raised no challenges until this lawsuit was filed.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only where the moving party demonstrates that no genuine issue of material fact exists and that it is accordingly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of clearly establishing the absence of a triable fact issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Furthermore, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 460 (7th Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). A genuine issue for trial exists only when there is sufficient evidence favoring the non-movant for a jury to return a verdict for that party. *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.1987).

Terry Huffman raises only one issue in opposition to this motion for summary judgment. He contends that he cannot be held personally liable for the arbitration award because he acted in his business capacity when he executed the Area Agreement and when he operated Ramco Mechanical Piping and Ramco Plumbing, Inc. Plaintiffs respond by arguing that the arbitration award was entered against Terry Huffman individually [1] and Huffman's failure to vacate the award within the ninety-day limitation period prescribed by the Illinois Arbitration Act, Ill.Rev.Stat. ch. 10, § 112(b) precludes him from seeking affirmative relief in this enforcement action, citing *Plumbers Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266 (7th Cir.1985). We agree.

In *Plumbers' Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266 (7th Cir.1985), the Seventh Circuit held that a company's failure to seek vacation of an arbitration award within the 90–day limitation period prescribed by the Illinois Arbitration Act, Ill. Ann.Stat. ch. 10, § 112(b) (Smith-Hurd Supp.1987), barred it from challenging the plaintiff unions funds' enforcement of the award. "[A] 'defendant's failure to move to vacate [an] arbitration award within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award.'" *Domas*, 778 F.2d at 1268 (citing *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1025 (7th Cir.1980), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981)). Since Huffman's defense to the award's enforcement involves an attack on the award's validity, i.e., that it incorrectly holds him individually liable, an attack he could have made in an action to vacate the award, this case falls within the *Jefferson Trucking*

---

1. The award was entered against "Terry Huffman d/b/a Ramco Mechanical Piping." A business using a trade name may be sued either by the trade name as provided in Fed.R.Civ. 17(b) or by the party so doing business individually as trading under the trade name. *In re Midwest Athletic Club*, 161 F.2d 1005, 1008 (7th Cir.1947).

doctrine. Accordingly, Huffman is barred from raising the defense that the arbitration award incorrectly holds him individually liable. Because this is the only defense Huffman has raised in opposition to plaintiffs' motion, no material question of fact remains, and we therefore grant plaintiffs' motion for summary judgment.[2]

In conclusion, because we find defendant Terry Huffman is precluded from raising an affirmative defense to enforcement of the arbitration award, we grant plaintiffs' motion for summary judgment. Plaintiffs are additionally entitled to reasonable attorney's fees incurred in bringing this lawsuit, 29 U.S.C. § 1132(g)(2)(B); an additional amount equal to that interest on unpaid contributions, 29 U.S.C. § 1132(g)(2)(C)(i); and costs, 29 U.S.C. § 1132(g)(2)(D). *Plumbers' Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.,* 778 F.2d 1266, 1271 (7th Cir.1985). We direct plaintiffs to file within twenty-one days from the date of this judgment a verified petition of fees, costs and interest. It is so ordered.

**2.** Because we decide in favor of plaintiffs on its statute of limitations argument, we need not address plaintiffs' second argument that Huffman is personally liable for the award because he failed to comply with the Illinois Business Corporation Act, Ill.Rev.Stat. ch. 32 ¶ 4.05 (West Supp.1987) which requires a corporation using a trade name to disclose its official name. We observe, however, that plaintiff's citation to *Precision Components v. Kapco Communications,* 131 Ill.App.3d 555, 86 Ill.Dec. 692, 475 N.E.2d 1071 (1st Dist.1985), to support a finding of personal liability is misplaced. Contrary to plaintiffs' assertion, the court in *Precision Components* did not hold that violation of § 4.05 results in personal liability. Rather, *Precision*

*Components* involved an appeal of an award of attorney's fees for violation of the Illinois version of Fed.R.Civ.P. 11. In *Precision Components,* the complaint to hold the defendant individually liable was dismissed. The defendant then sought sanctions against the plaintiffs for suing him in his individual capacity. All the court held was that it was not unreasonable that the plaintiffs had in their confusion sued him individually when the individual defendant failed to reveal the corporate name when using the trade name. The plaintiffs subsequently filed another action against the individual defendant's corporation in which they made a full recovery.