**POSADAS de PUERTO RICO ASSOCIATES, INC., d/b/a Condado Plaza Hotel and Casino, Plaintiff,**

v.

**ASOCIACION de EMPLEADOS de CASINO de PUERTO RICO, Defendant.**

**Civ. No. 87–0752(PG).**

United States District Court, D. Puerto Rico.

Aug. 2, 1988.

María Milagros Soto, Santurce, Puerto Rico, for plaintiff.

José E. Carreras Rovira, Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiff, Posadas de Puerto Rico Associates, Inc. (hereinafter referred to as "Posadas") brought this action against defendant, Asociación de Empleados de Casino de Puerto Rico (hereinafter referred to as "Asociación") to vacate a labor arbitrator's award pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. The award was issued on May 12, 1987, and suit was filed on June 12, 1987.

Defendant filed a motion to dismiss the complaint because it is time barred by the applicable statute of limitations. Plaintiff filed its opposition thereto.

Defendant asserts that the action is barred under the thirty-day term established in the case of *U.I.L. de Ponce v. Serrallés*, 85 JTS 34 (1985), to file actions to set side a labor arbitration award. Plaintiff contends that either the six-month arbitration period of Section 10(b) of the National Labor Relations Act (hereinafter referred to as "N.L.R.A."), 29 U.S.C. § 160(b), or the laches doctrine for actions to review state administrative decisions is applicable.

We had previously held that an action to vacate a labor arbitration award was subject to the thirty-day limitation period established in *U.I.L. de Ponce v. Dest.*
*Serrallés, Inc.*, 116 D.P.R. 348 (1985). *See Posadas de Puerto Rico Associates, Inc., d/b/a Condado Plaza Hotel v. Asociación Empleados de Casino de Puerto Rico*, 648 F.Supp. 879 (D.P.R.1986). Plaintiff claims that the Puerto Rico Supreme Court's pronouncement in the above named case as to the limitations period in actions to vacate labor arbitration awards was dicta and that said dictum was overruled by *Solano v. Puerto Rico Telephone Company*, 87 JTS 3 (1986).

However, in *U.I.L. de Ponce v. Dest. Serrallés, Inc.*, 116 D.P.R. at 355 n. 4, the Supreme Court specifically held that an action to vacate a labor arbitration award must be filed thirty days of the award unless the collective bargaining agreement establishes a different time period. In *Solano v. Puerto Rico Telephone Company, supra*, there was not involved a labor arbitration award. Therefore, the court's holding that the limitations period to be applied to the facts of the case was the doctrine of laches is not applicable to the present case, and said holding did not overrule the Supreme Court's holding in the *U.I.L. de Ponce* case.

Furthermore, to apply the doctrine of laches to actions to vacate labor arbitration awards would fundamentally upset the federal policy of according finality to labor awards. *Unión de Tronquistas v. Emery Air Freight Corporation*, 596 F.Supp. 829 (D.P.R.1984).

Posadas' argument that the statute of limitations period to be applied to actions to vacate labor arbitration awards is the six-month period of section 10(b) of the N.L.R.A. was raised in a prior action between the same parties, Civil No. 85–1684, and was not accepted. We reiterate our previous decision that the statute of limitations to be applied to an action to vacate a labor arbitration award is the thirty-day limitation period unless the collective bargaining agreement establishes a different time period.

We are aware of two decisions issued by

this District Court [1] holding that the limitations period applicable to actions to vacate labor arbitration awards is the six-month statutory period set forth in Section 10(b) of the N.L.R.A. Both decisions ruled that the basis for applying the six-month limitations period of section 10(b) of N.L.R.A. expressed in *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), were equally valid in the cases. The opinions do not make any distinction between a straightforward suit to vacate an arbitration award and a hybrid claim, which consists of an employee's breach of duty of fair representation claim against the union and breach of collective bargaining agreement claim against his employer.

*Del Costello* involved a suit brought by an individual *employee* against the employer for breach of the agreement and against the union on a claim of a breach of its duty of fair representation. The court held that in such cases the typically short limitations period contained in arbitration acts in the various states should not apply. The six-month limitations period for unfair labor practices under the N.L.R.A., Section 10(b), was found to be the most analogous and useful limitations period.

However, the employee-litigant's claim in *Del Costello* is far from analogous to the situation underlying the section 301 action here.

> Indeed, because employees are not parties to collective bargaining agreements, their section 301 suits amount to " 'a direct *challenge* to the private settlement of disputes under [the collective bargaining agreement].' " 103 S.Ct. at 2291 (quoting *United States Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 66, 101 S.Ct. 1559, 1565, 67 L.Ed.2d 732 (1981). (Stewart, J., concurring) (emphasis added)). Thus, their "hybrid § 301 fair representation" claims have "no close analogy in ordinary state law," and the much more closely analogous six-month federal statute of limitations, which applies to unfair

labor practice actions before the National Labor Relations Board, is to be substituted. *Id.*

*Plumbers Pension F. v. Domas Mech. Contractors,* 778 F.2d 1266, 1269 (7th Cir. 1985). In short, a comparison of the employee suit present in *Del Costello* and the instant action convinces us that, while the state statute of limitations was not analogous to the *Del Costello* situation, the thirty-day limitation period is directly analogous here. *Id.*

The Supreme Court in *Del Costello* pointed out the importance of having a uniform statute of limitations applicable to both employer and the union. Otherwise, if treated separately, the claim against the employer in the nature of a breach of contract suit and the claim against the union for lack of fair representation would call for a different limitations period. *Intern. Union of Elec., Radio v. Ingram Mfg.,* 715 F.2d 886, 888 (5th Cir.1983). Furthermore, such suits might or might not involve arbitrations, making limitations in arbitration statutes only sometimes applicable. *Id.*

According to the Seventh Circuit Court of Appeals in the *Plumber's Pension F.* case, the second reason the *Del Costello* court had for refusing to apply a state statute of limitations—the presence of federal policies and practicalities of litigation that make the federal limitations period more appropriate—is similarly absent in a straightforward suit. The court explained that in *Del Costello,*

> the employee's right of action derived solely from the N.L.R.A., which deprives employees of the ability to bargain individually with employers but imposes on unions a corresponding duty of fair representation. 103 S.Ct. at 2290 n. 4; *see also Vaca v. Sipes,* 386 U.S. 171, 1744, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). In order for a court to grant an employee relief from the actions of one or both of the actual parties to the arbitration, therefore, the employee must claim and prove that the union did not fairly repre-

---

**1.** *Hilton International v. Unión Local 610,* 652 F.Supp. 1259 (D.P.R.1987); *Unión de Tronquis-*

*tas v. Emery Air Freight Corporation, supra.*

sent him. 103 S.Ct. 2290–91. (citation omitted). The practicalities of this kind of suit mandate a longer statute of limitations than the ninety-day period typically provided by the states. [In Puerto Rico, 30–day period]. As the court noted in *Del Costello*, "the employer will often be unsophisticated in collective bargaining matters, ... [and will be] called upon, within the limitations period, to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit." *Id*. 103 S.Ct. at 2291. At the same time, however, the national interest in protecting consentual labor dispute resolution from delayed attack prompted the Court in another case, when forced to choose between 90–day and 6–year state statutes of limitations, to opt for the shorter period. *United States Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 64, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981). *Del Costello* thus represents a recognition that the N.L.R.A.'s six-month period, which was congressionally designed to accommodate the very balance of interests at stake in *Del Costello*, was more appropriate than any of the state alternatives. 103 S.Ct. at 2294.

*Plumber's Pension F. v. Domas Mech. Contractors*, 778 F.2d at 1269–70.

In conclusion, the six-month period which applies to *Del Costello* "hybrid" actions is not necessary in a straightforward union or employer challenge to an arbitration award. "Neither the problems an employee has in evaluating a 'hybrid' claim nor the lack of a ready analogy, the reasons given by the *Del Costello* court for adopting the comparatively lengthy six-month period, 462 U.S. at 165–67, 103 S.Ct. at 2291, are present in a case like this." *American Postal Workers Union v. U.S. Postal Serv.*, 823 F.2d 466, 476 (11th Cir. 1987) (held that three-month limitations period of Federal Arbitration Act applies to union's or employer's challenge to arbitration award).

The significant aspect of the Supreme Court's opinion in *Del Costello*, according to the Fifth Circuit, is

to be found in the recognition that it was distinguishing cases brought by employees attacking both the employer and the union for failing to deal with them fairly from the typical cases of a union or employer suing to vacate a labor arbitration award. In the latter kind of case, the court accepted the general principle that the state limitations contained in state arbitration statutes should be the analogous limitations period made applicable in such lawsuits.

*Intern. Union of Elec., Radio v. Ingram Mfg.*, 715 F.2d at 888, *citing, Del Costello, supra*, 103 S.Ct. at 2287, 2289.

The First Circuit Court of Appeals has not ruled upon which is the appropriate period of limitations for an action to vacate a labor arbitration award. However, the Court has noted that some courts have selected a period shorter than the six-month period of section 10(b) of the N.L.R.A. *Hilton International Co. v. Union de Trabajadores de la Industria Gastronómica de Puerto Rico*, 833 F.2d 10 n. 1 (1st Cir.1987).

We conclude that neither of the *Del Costello* factors are present in this case and, therefore, we reaffirm our previous decision that the 30–day limitations period established in *U.I.L. de Ponce v. Dest. Serrallés, Inc., supra*, governs the time period during which the company could attack the arbitration award.

Plaintiff, Posadas, filed this action thirty-one days after the arbitration award was issued. The action is time barred.

WHEREFORE, in view of the above, the Court hereby GRANTS defendant's motion to dismiss and hereby ORDERS the DISMISSAL of the complaint.

Judgment shall be entered accordingly.

IT IS SO ORDERED.