LA SALLE NATIONAL BANK, as Trustee, Plaintiff and Appellant and Counterdefendant-Appellant, v. UNION OIL COMPANY OF CALIFORNIA *et al.*, Defendants and Appellees and Counterplaintiffs-Appellees.

First District (3rd Division)   No. 86—2257

Opinion filed October 26, 1988.—Rehearing denied January 11, 1989.

Maurice L. Davis, of Chicago, for appellant.

Esposito & Heuel, of Chicago, for appellee Union Oil Company.

Johnson & Drozdzik, Ltd., of Chicago, for appellee Allen Ehrlich.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, La Salle National Bank (La Salle), appeals from a judgment of the circuit court of Cook County awarding attorney fees to defendants Union Oil Company of California (Union Oil) and Allen Ehrlich. On appeal, La Salle argues that under section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), attorney fees and expenses may not be allowed (1) in the absence of any finding that an allegation of fact or denial thereof in plaintiff's pleadings is untrue or made without reasonable cause; (2) in the absence of a motion filed within 30 days of the entry of judgment; and (3) without specification or identification in the record of an allegation of fact or denial thereof in plaintiff's pleadings claimed by defendants to have been found untrue. La Salle also argues that there must be a reasonable relationship between the amount allowed and the offense committed by the party against whom the allowance is made. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) We reverse.

This dispute involves a lease agreement originally entered into between Clark-Erie Building Corporation (Clark-Erie) and Pure Oil Company, a division of Union Oil. The lease provided that Clark-Erie would convey to Pure Oil Company (Union Oil) a parcel of land in Chicago, Illinois. The leasehold term commenced on February 1, 1968, and was to end on May 31, 1983. The lease also granted Union Oil an option to extend the term of the lease for an additional 10 years. However, to exercise this option, Union Oil was required to give Clark-Erie written notice of such at least 180 days before the original lease term expired on May 31, 1983.

In addition to the monthly rent, Union Oil was to pay Clark-Erie an annual "Gallonage Rental." This "Gallonage Rental" represented a fixed amount determined by the quantity of motor fuel delivered to the conveyed parcel of land. Union Oil was to deliver to Clark-Erie a sworn statement of the quantity of fuel delivered during the calendar year by January 30 of each year. Finally, the lease provided that if Union Oil failed to perform any covenant of the lease other than the payment of rent, Clark-Erie could terminate the lease if the default continued for more than a reasonable time after notice by Clark-Erie.

All notices between Clark-Erie and Union Oil were to be in writ-

ing. Unless otherwise designated, all notices were to be delivered personally or by certified mail to Clark-Erie in care of Hoffman & Davis of 33 South Clark Street, Chicago,

Five years following the inception of this lease, La Salle succeeded to the title of the conveyed parcel of land. Shortly thereafter, a dispute arose between Union Oil and La Salle as to a provision in the lease. From 1969 to 1982, Union Oil did not deliver the sworn statements to cover the "Gallonage Rental." Following the delivery of one sworn statement to cover the 12-month period from June 1, 1982, to May 31, 1983, La Salle advised Union Oil that this statement did not conform with the lease provision.

On November 30, 1982, Union Oil sent a letter by certified mail to La Salle expressing its intent to exercise the option to extend its lease for an additional 10 years. No notice was sent to Hoffman & Davis at the 33 South Clark Street address listed in the lease.

After receiving this letter from Union Oil, La Salle filed an action for a declaratory judgment that Union Oil's notice to exercise its option was ineffective because Union Oil failed (1) to deliver notice to Hoffman & Davis as delineated in the lease and (2) to deliver to La Salle annual sworn statements with respect to the "Gallonage Rental" from 1969 to 1982. Union Oil and Allen Ehrlich, who was a subtenant of Union Oil's, filed a counterclaim for declaratory judgment, specific performance and an injunction. Union Oil and Ehrlich also sought punitive damages, attorney fees and expenses for litigation.

On October 17, 1983, Union Oil and Ehrlich joined in a motion for summary judgment. Union Oil and Ehrlich sought a determination that the notice given to La Salle was sufficient to constitute a valid exercise of the option to extend its lease for 10 additional years. In its supporting brief, Union Oil and Ehrlich argued that "La Salle Bank, in initiating, pursuing and in the manner of conducting this case should be ordered to pay attorney fees, costs and damages to each defendant."

On November 3, 1983, the circuit court granted summary judgment in favor of Union Oil and Ehrlich. The circuit court found, *inter alia,* that Union Oil's exercise of the option to extend the lease was valid and that because La Salle had never given the required written notice to Union Oil regarding the gallonage rental, any issues relating thereto were moot. No finding was made that any allegations of fact in La Salle's pleadings were untrue or made without reasonable cause. The circuit court reserved jurisdiction for a later determination of Union Oil's and Ehrlich's claims for punitive damages and attorney fees and costs until June 25, 1984.

La Salle appealed this judgment but it was affirmed by this court in a Supreme Court Rule 23 order (107 Ill. 2d R. 23). Although Union Oil's request for appellate attorney fees and costs was denied in this Rule 23 order, the issue of punitive damages and attorney fees and costs was not decided by this court.

On June 25, 1984, Judge James C. Murray held a hearing regarding Union Oil's and Ehrlich's claims for attorney fees and punitive damages. On January 8, 1986, Judge Charles E. Freeman, as presiding judge, heard argument by the parties as to whether Judge Murray had made a finding that La Salle made untrue pleadings and that Union Oil and Ehrlich were entitled to attorney fees and costs. Judge Freeman ruled that Judge Murray had found liability and set a hearing for March 4, 1986, for Union Oil and Ehrlich to establish the amount of attorney fees and costs incurred. Following the hearing, Judge Freeman entered judgment in favor of Union Oil for $44,890.75 for attorney fees and $2,178.43 for costs and expenses. He also entered judgment in favor of Ehrlich for $25,267.50 in attorney fees and $1,379.95 for costs and expenses. La Salle made a motion for the court to reconsider its judgment, but this motion was denied. This appeal followed.

La Salle first argues that attorney fees and expenses may not be allowed in the absence of a finding that an allegation of fact or denial thereof in a plaintiff's pleading is untrue or made without reasonable cause. We agree.

■ The purpose of section 2—611 is to penalize a litigant who brings a lawsuit without basis in law or pleads frivolous or false matters whereby the party being sued must bear the burden of expending money for an attorney to defend against an untenable lawsuit. (*Precision Components v. Kapco Communications* (1985), 131 Ill. App. 3d 555, 558, 475 N.E.2d 1071, 1074.) Because section 2—611 is penal in nature, its application is limited to cases which fall strictly within its provisions. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E. 2d 628, 630.) Although the statute has been amended, at the time this case was before the trial court it provided as follows:

"Untrue Statements. Allegations and denials, made without reasonable cause and *found* to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—611.

■ A finding under the requirements of section 2—611 is an independent determination distinct from any previous judgment relating to any prior motions to dismiss, motions for summary judgment or motions for a directed verdict. (*Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 943, 335 N.E.2d 172, 176.) Thus, attorney fees and costs cannot be awarded under this paragraph absent a specific finding that the fees are warranted and that liability exists on the part of the party from whom fees are being sought. See *Urban v. Brady* (1967), 86 Ill. App. 2d 158, 162, 230 N.E.2d 65, 68.

In the instant case, it is Union Oil's position that Judge Murray "ruled on June 25, 1984, that there were false pleadings in this case, which entitled defendants to an award of their reasonable fees and costs incurred" and that "Judge Murray left open only a hearing as to the *amounts* of the fees and costs to be awarded, and continued same pending a resolution of the appeal of the underlying action." Based upon our reading of the record, we do not find that it supports Union Oil's contention. Judge Murray stated:

> "[T]he court agrees with the defendants Union Oil company and Allen Ehrlich there were false pleadings in this case, I wish they be not entitled to punitive damages but to the payment of reasonable expenses actually incurred together with reasonable attorney's fees, but I don't think they are entitled to any award for punitive damages.
> * * *
> *** The Appellate Court could very easily remand the question of fees to this court from the Appellate Court.
> * * *
> *** As long as oral argument is set for Wednesday, I'm going to not enter a final order at this time.
> * * *
> I am leaving all issues open.
> * * *
> I'm making no ruling now. I'm reserving any ruling again until the Appellate court's decision."

At a later hearing where Judge Freeman was presiding, Judge Freeman stated:

> "It is hereby ordered as follows:
> Liability of plaintiff for attorney fees and costs pursuant to Section 2—611 has been determined previously by Judge James C. Murray and liability is found."

As the record evinces, Judge Murray clearly stated that he was (1) "leaving all issues open"; (2) "making no ruling now"; and (3) "re-

serving any ruling again until the Appellate court's decision." The fact that Union Oil never filed a section 2—611 motion in the circuit court supports our conclusion that Judge Murray never made a specific finding of liability and that the issue of section 2—611 sanctions was never properly before the court or ruled on by the court.

█ █ We recognize that allowance of fees and costs is discretionary with the trial court and will not be disturbed on review absent a clear abuse of discretion. (*Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 144, 421 N.E.2d 1078, 1082.) However, in light of the fact that Judge Murray never ruled on La Salle's liability, we are bound to conclude that Judge Freeman abused his discretion in finding that Judge Murray had previously found La Salle liable for attorney fees and costs. Because section 2—611 applies only where there has been a finding of untrue allegations made without reasonable cause, we need not discuss the remaining issues raised by La Salle. Accordingly, the decision of the circuit court is reversed.

Reversed.

WHITE, P.J., and McNAMARA, J., concur.