JAMES O. PEOPLES, Plaintiff-Appellee, *v.* THE CARBORUNDUM COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 5—83—0437

Opinion filed April 5, 1984.

Burton C. Bernard and Ronald A. Roth, both of Bernard & Davidson, of Granite City, for appellant Carborundum Company.

John W. Leskera, of Dunham, Boman & Leskera, of East St. Louis, for appellant Granite Sheet Metal Works, Inc.

William W. Schooley, of Granite City, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

At issue in this case is whether a judgment debtor or debtors can, upon tender of the full amount of the judgment plus interest and costs to the creditor, compel the creditor to execute a release of the judgment. We hold that under section 12—183(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—183(b)), a judgment debtor may do so.

This controversy is a result of our decision in *Peoples v. Granite City Steel Co.* (1982), 109 Ill. App. 3d 265, 440 N.E.2d 363. There, we upheld a jury's verdict in favor of plaintiff James Peoples in an action brought under the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60 *et seq.*) against, *inter alia*, defendants Granite Steel Metal Works (Sheet Metal) and the Carborundum Company (Carborundum). Peoples is the judgment creditor in these proceedings, and Sheet Metal and Carborundum are the judgments debtors.

Following the issuance of our opinion, Carborundum's counsel appeared at the office of Peoples' counsel with five checks and a release of judgment form. The checks, two of which were from Sheet Metal's insurer, two of which were from Carborundum's insurer and one of which was from Carborundum's law firm, represented the total amount of the judgment upheld by this court plus interest and certain costs. The release form stated that Peoples would release the judgment entered against Sheet Metal and Carborundum. Peoples' counsel returned the checks unendorsed and the release unsigned.

Subsequently, Sheet Metal and Carborundum paid the amount represented by the checks to the office of the clerk of the circuit court of Madison County, to be held in escrow for Peoples, his counsel, his employer G. H. Sternberg and Company (Sternberg) and

Sternberg's insurer. With this payment, Sheet Metal and Carborundum filed a petition under section 12—183(b) of the Code of Civil Procedure. In that petition, supported by the affidavit of Carborundum's counsel, Sheet Metal and Carborundum recounted the offer and return of the checks and release, and referred to their payment to the clerk of the court. They alleged that the plaintiff had wilfully refused to deliver the release, and they requested the court to enter an order satisfying the judgment in favor of Peoples and releasing all liens based on that judgment.

■■ ■ A brief and acrimonious hearing was held on the petition, at which counsel for various parties testified concerning negotiations and agreements between certain of those parties about the method of satisfying Peoples' judgment. After the hearing, the court entered an order denying the petition, reasoning that Peoples may pursue all, some, or one of the tortfeasors responsible for his injury for the full amount of his damages and need not accept tender of that amount from a tortfeasor not of his own choosing. Sheet Metal and Carborundum appeal from that order.

Section 12—183(b) of the Code of Civil Procedure reads as follows:

> "If the judgment creditor, his or her assigns of record or other legal representative to whom tender has been made of all sums of money due him or her from the judgment debtor including interest, on any judgment entered by a court, wilfully fails or refuses, at the request of the judgment debtor or his or her legal representative to execute and deliver to the judgment debtor or his or her legal representative an instrument in writing releasing such judgment, the judgment debtor may petition the court in which such judgment is of record, making tender therewith to the court of all sums due in principal and interest on such judgment, for the use of the judgment creditor, his or her executors, administrators or assigns, whereupon the court shall enter an order satisfying the judgment and releasing all liens based on such judgment."

No reported decision has construed this section or its predecessor (Ill. Rev. Stat. 1979, ch. 77, par. 68A(b)). Nevertheless, there is nothing in the wording of this provision to suggest that it should not apply here. Peoples argues, and the trial court agreed, that the invocation of section 12—183(b) would nullify the common law principle that a plaintiff is allowed to pursue all, some, or one of the joint tortfeasors responsible for his injury for the full amount of the damages. (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 119-20,

454 N.E.2d 197, 204.) We cannot agree. The right of a plaintiff to seek recovery from among joint tortfeasors, at his election, does not confer upon him the right to wilfully refuse tender of full satisfaction of the judgment from one or more of those tortfeasors. Indeed, section 12—183(b) could scarcely be more explicit in negating that right of refusal, in stating that in the case of a wilful failure or refusal to release the judgment, the court *shall* enter an order doing so at the request of the debtor. There can be no doubt that Peoples acted wilfully in not releasing the judgment, and thus the trial court erred in denying the petition of Carborundum and Sheet Metal.

Peoples contends, in the alternative, that the release of judgment should be in favor of Carborundum only, and not in favor of Carborundum and Sheet Metal. This request finds no support in the record. All evidence indicates that the checks tendered to Peoples, first directly and then into court, were from the insurers of Carborundum and Sheet Metal, in roughly equal amounts. The release must accordingly specify both Carborundum and Sheet Metal as its recipients.

Peoples alludes to various agreements between some of the parties to allocate the burden of satisfying his judgment. Although these agreements may possibly form the basis of an equitable action, they in no way affect the statutory right of Carborundum and Sheet Metal to receive a release of the judgment from Peoples. The order of the circuit court of Madison County is reversed and this cause is remanded with instructions to grant the petition of Sheet Metal and Carborundum and distribute the funds paid into court in accordance with that action.

Reversed and remanded with directions.

HARRISON and KASSERMAN, JJ., concur.