ROBERT W. ANDERSON, Plaintiff-Appellant, v. JOSEPH M. SCONZA, Defendant-Appellee.

First District (3rd Division)   No. 88—0520

Opinion filed January 25, 1989.

Metzger & Associates, Ltd., of Chicago (Donald L. Metzger, of counsel), for appellant.

Norman H. Lesser & Associates, of Chicago (Norman H. Lesser, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Robert W. Anderson, appeals from the trial court's granting of the motion of defendant, Joseph M. Sconza, for summary judgment and the denial of the cross-motion of plaintiff for partial summary judgment. Plaintiff's action alleges that defendant breached a contract for attorney fees for defendant's representation of plaintiff in an employment discharge proceeding before the Chicago Police Board.

On appeal plaintiff asserts that: (1) defendant failed to show that the fee agreement was made with good faith, fairness, adequacy of consideration, and without undue influence; (2) defendant failed to show that the agreement was reasonable; (3) the computation of fees under the agreement is incorrect; and (4) defendant was not entitled to relief on his counterclaim since he failed to file an amended counterclaim after plaintiff filed an amended complaint.

For the reasons stated below, we reverse the judgment of the circuit court.

The record indicates that prior to July 1980, charges had been

filed with the Chicago Police Board seeking the separation of plaintiff from the police department for failure to have the psychological and emotional stability required to perform his duties as a police officer. In July 1980, plaintiff was referred to defendant for legal assistance, and defendant agreed to represent plaintiff regarding the police board proceeding. Defendant and his associate, Anthony Onesto, thereafter began to represent plaintiff in the matter, appearing before the police board on motions and otherwise preparing plaintiff's case before the board. On August 15, 1980, pursuant to defendant's request, plaintiff paid defendant $750 in attorney fees. Plaintiff paid defendant an additional $750 in attorney fees on March 23, 1981, and another $1,000 in attorney fees on June 12, 1981.

Also on June 12, 1981, the parties executed a written contingent fee contract providing that plaintiff would pay to defendant:

"1. A basic fee of $2,500.00, for representation before the Police Board only, not to include Administrative Review, $1,000.00 of which is refundable if client's total loss [sic] wages are recovered.

2. Plus 25% of client's loss [sic] wages, if any, that are recovered."

The police board case was argued on November 18, 1981. On February 10, 1983, the board entered its order dismissing the charges against plaintiff and reinstating plaintiff's position in the police department. Defendant had filed a notice of attorney's lien upon plaintiff's cause of action. In February 1983, the police department issued checks payable jointly to plaintiff and defendant for the back pay owed to plaintiff.

On April 28, 1983, plaintiff filed his action in the circuit court against defendant. During the pendency of the action, plaintiff died and his surviving spouse, Jane Anderson, was appointed as special administrator. Thereafter, defendant filed a motion for summary judgment and plaintiff filed a cross-motion for summary judgment. The depositions of defendant and defendant's associate, Anthony Onesto, were filed with the court. Defendant attached to his motion for summary judgment the affidavits of attorneys James J. Ahern and Thomas J. Royce. Plaintiff attached to his memorandum of law in opposition to defendant's motion for summary judgment portions of the depositions of defendant and Anthony Onesto.

The trial court found that the presumption of undue influence attached, since the fee contract was executed after the attorney-client relationship was established. The court found, however, that defendant had overcome the presumption of undue influence for several rea-

sons. First, defendant had a heavy burden to overcome in the police board case, in that he was required to rebut the allegation that plaintiff was psychologically unfit to serve as a police officer. Further, the affidavits of attorneys Thomas J. Royce and James J. Ahern provided that they had represented clients before the police board on a contingent fee basis. The trial court held that those affidavits showed that it was customary for attorneys to represent clients before the police board on a contingent fee basis. The trial court stated that "defendant has overcome this presumption and is entitled to summary judgment which it seeks." Upon the granting of defendant's motion for summary judgment, plaintiff brought a motion to set aside the summary judgment order, which the trial court denied.

On appeal, the parties do not dispute that the presumption of undue influence attached. Plaintiff contends, however, that defendant failed to present sufficient evidence to rebut the presumption of undue influence. We find that the trial court misconstrued the effect of the presumption and determine that summary judgment was not appropriate. Accordingly, we reverse and remand this matter to the trial court for the purpose of allowing the parties to present further evidence on the issues raised.

■ The supreme court in *Diederich v. Walters* (1976), 65 Ill. 2d 95, 357 N.E.2d 1128, discussed the approach taken by courts in Illinois regarding the effect of presumptions. The court stated:

"[A] rebuttable presumption may create a *prima facie* case as to the particular issue in question and thus has the practical effect of requiring the party against whom it operates to come forward with evidence to meet the presumption. However, once evidence opposing the presumption comes into the case, the presumption ceases to operate, and the issue is determined on the basis of evidence adduced at trial as if no presumption had ever existed. (See 1 Jones, Evidence sec. 3:8 (6th ed. 1972).) The burden of proof thus does not shift but remains with the party who initially had the benefit of the presumption. Consistent with this view, Dean Wigmore states, '*** If the opponent *does* offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule ***.' (9 Wigmore, Evidence sec. 2491, at 289 (3d ed. 1940).)" (*Diederich*, 65 Ill. 2d at 100-01.)

(See also *Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 448 N.E.2d 872.) The burden of proof thus does not shift but remains with the party who initially had the benefit of the presump-

tion. (*Dean*, 95 Ill. 2d 452, 448 N.E.2d 872.) In the instant case, the burden of proof remains throughout the case on plaintiff to show that the agreement was not reasonable and fair.

■ The amount of evidence required to meet the presumption of undue influence, once raised, is not determined by any fixed rule. The supreme court in *Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 448 N.E.2d 872, stated, "[a] party may simply have to respond with some evidence or may have to respond with substantial evidence. If a strong presumption arises, the weight of the evidence brought in to rebut it must be great." (*Dean*, 95 Ill. 2d at 463, citing 5 A.L.R.3d 19, 39 n.14 (1966).) The *Dean* case also looked to *Wunderlich v. Buerger* (1919), 287 Ill. 440, 122 N.E. 827, in which the court stated, "[t]he strength of the presumption and the amount of proof required to overcome it must depend on the circumstances of each case." (*Wunderlich*, 287 Ill. at 445.) The general rule remains, however, that throughout the case, the burden of proof is upon the party seeking to invalidate the agreement to establish undue influence based on all of the evidence. *Dean*, 95 Ill. 2d at 464.

■ That a fiduciary duty exists as a matter of law between an attorney and client is well established. (See *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 709, 355 N.E.2d 86, 88-89.) All transactions arising out of such a relationship, including fee contracts, are subject to the closest scrutiny. (*Neville*, 41 Ill. App. 3d at 709.) Particular attention is given to contracts made or changed after the relationship of attorney and client has been established. *Corti v. Fleisher* (1981), 93 Ill. App. 3d 517, 522, 417 N.E.2d 764, 768.

■ The presumption of undue influence where an attorney fee contract is entered into after the establishment of the attorney-client relationship and the payment of at least some attorney fees is a strong presumption. (See *Corti v. Fleisher* (1981), 93 Ill. App. 3d 517, 522, 417 N.E.2d 764, 768.) Therefore, defendant in the instant case was required to bring substantial evidence to rebut the presumption. See *Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 448 N.E.2d 872; *Wunderlich v. Buerger* (1919), 287 Ill. 440, 122 N.E. 827.

■ In order to rebut the presumption of undue influence arising from an attorney-client relationship, an attorney must present evidence indicating that: (1) the attorney made a full and fair disclosure to the client of all the material facts affecting the transaction at issue; and (2) the transaction in question is fair. (*Durr v. Beatty* (1986), 142 Ill. App. 3d 443, 450, 491 N.E.2d 902, 907, citing *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 709, 355 N.E.2d 86, 88-89, and *Drake v.*

*Becker* (1973), 14 Ill. App. 3d 690, 694, 303 N.E.2d 212, 214.) Other factors which should be considered are that the consideration for any agreement made was adequate and that the client had competent and independent advice before completing the transaction. *Rizzo v. Rizzo* (1954), 3 Ill. 2d 291, 305, 120 N.E.2d 546.

In the instant case, the trial court granted summary judgment without receiving evidence regarding these factors. In view of the strong presumption of undue influence under the circumstances of this case, we vacate the entry of summary judgment entered in favor of defendant and remand this matter to the trial court to allow for a trial of the issues raised. See *Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 448 N.E.2d 872.

Finally, we address plaintiff's contention that defendant was not entitled to relief, since he failed to file a counterclaim after plaintiff filed an amended complaint. We reject plaintiff's argument, since a counterclaim is a pleading which is "complete in itself," as provided in section 2—608(c) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—608(c)). As stated by the court in *Benckendorf v. Burlington Northern R.R.* (1983), 112 Ill. App. 3d 658, 445 N.E.2d 837, a counterclaim differs from an answer in that it seeks affirmative relief, whereas an answer merely attempts to defeat the plaintiff's action. (*Benckendorf*, 112 Ill. App. 3d at 662.) That defendant failed to file an amended counterclaim after plaintiff filed an amended complaint, therefore, does not defeat defendant's claim for relief.

For the foregoing reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

McNAMARA and WHITE, JJ., concur.