*In re* MARRIAGE OF PITULLA (Joanne Pitulla, Appellant and Cross-Appellee, and Rinella and Rinella, Ltd., Appellees and Cross-Appellants).—JOANNE PITULLA *et al.*, Appellants, v. DAVID NOVOSELSKY *et al.*, Appellees.

First District (3rd Division) Nos. 1—88—3129, 1—89—0553 cons.

Opinion filed August 8, 1990.

106

Andrew J. Maxwell, of Chicago, for appellants.

David A. Novoselsky & Associates, of Chicago (David A. Novoselsky and Linda A. Bryceland, of counsel), for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

This consolidated appeal arose as a result of the trial court's determination and award of attorney fees.

Joanne Pitulla (Petitioner) retained the law firm of Rinella & Rinella, Ltd., to represent her in her dissolution of marriage. Petitioner paid Rinella a $1,500 retainer. There was no written retainer agreement. Pursuant to a term in the marital settlement agreement, Pitulla was to pay Rinella an additional $8,500 in fees upon completion of the case. Following the prove up, Rinella advised petitioner that he would enter the judgment of dissolution upon receipt of the $8,500. Petitioner paid the additional fees. Prior to and after prove up in the dissolution proceeding, petitioner requested an itemization of fees from Rinella; however, he produced none.

Petitioner filed a section 2—1401 petition to vacate the fee award portion of the dissolution judgment. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) In response, Rinella filed a motion to strike and dismiss. The motion to dismiss was granted, and petitioner appealed. On appeal, this court reversed and remanded the case for an evidentiary hearing to determine the merits of petitioner's section 2—1401 peti-

tion and the reasonableness of Rinella's attorney fees. *In re Marriage of Pitulla* (1986), 141 Ill. App. 3d 956, 491 N.E.2d 90.

On remand, the circuit court held an evidentiary hearing on the issue of fees. In addition to other evidence, Rinella produced a two-page, handwritten time sheet for the period of May 1981 through August 1981, and a typewritten compilation, prepared from handwritten time records, which listed a total of 41 hours. Testimony revealed that the typewritten compilation of fees had been prepared in response to an Attorney Registration and Disciplinary Commission complaint. The typewritten compilation was filed in this case, along with Rinella's fee petition, on March 16, 1987.

The trial court found that Rinella's $10,000 fee was unreasonable and, in a memorandum order, ordered that the fee be reduced to $3,733. Petitioner filed an appeal of the court's order. No stay of enforcement of the judgment was filed.

Subsequent to the filing of the appeal, petitioner filed a petition for a rule to show cause why Rinella should not be held in contempt for failing to comply with the trial court's memorandum order.

Prior to the hearing on the petition, Rinella's attorney telephoned petitioner's attorney and offered payment of the refund. Subsequently, petitioner's attorney contacted Rinella's attorney to discuss whether the acceptance of the refund would moot the appeal. Rinella responded in the affirmative and, according to Rinella, petitioner then declined the offer of the refund.

At the hearing, Rinella offered to refund the excess portion of the fee. Petitioner's attorney stated that he did not accept the tender of the refund; he did not have authority to accept it. By agreement of the parties, the hearing was continued.

Subsequently, Rinella filed a section 2—611 petition seeking sanctions and attorney fees for having to respond to petitioner's petition for rule to show cause. On January 31, the hearing on the petition was continued and Rinella's motion for sanctions was heard. In opposition to the motion for sanctions, petitioner stated that there had been no tender because there was no check presented at the earlier hearing and, further, the check presented at this hearing was insufficient in that it did not include post-judgment interest.

The court stated that there had been a tender on December 19, but that petitioner had refused acceptance because of a lack of authority. The court further stated that the issue of statutory interest had not been raised, but would apply. The court then dismissed the rule to show cause, and after a hearing on costs and the time expended in defending against the rule, the court granted Rinella $400

in sanctions. Petitioner filed a second appeal.

We have consolidated the two appeals. By both appeals, petitioner raises the following contentions: (1) the evidence does not support the fee awarded; (2) Rinella made false statements of fact in several pleadings; (3) the court erred in imposing sanctions against her regarding her motion to refund and/or segregate funds; (4) the court erred in denying her interest accrued on the refund; (5) the court erred in imposing sanctions against her for pursuing the rule to show cause; and (6) the court erred in refusing to reimburse her for the fees she incurred to enforce the refund order.

Rinella cross-appeals, contending that (1) the appeal of the amount of the refund should be dismissed; (2) the court improperly reduced the amount of fees to which he was entitled; and (3) the trial court erred in barring testimony of his expert witnesses. Finally, Rinella asks this court to impose sanctions upon petitioner for filing the second appeal.

SATISFACTION AND RELEASE OF JUDGMENT

We first address Rinella's contention that the appeal of the amount of fees should be dismissed. He first argues that under the Code of Civil Procedure, once petitioner signed the release and satisfaction of the judgment, she was barred from appealing the amount of that judgment. We disagree.

Rinella relies on section 12—183(h) of the Code of Civil Procedure, which provides in pertinent part:

> "(h) Upon the filing of a release or satisfaction in full satisfaction of judgment, signed by the party in whose favor the judgment was entered or his or her attorney, the court shall vacate the judgment, and dismiss the action." Ill. Rev. Stat. 1987, ch. 110, par. 12—183(h).

Rinella has cited to no cases wherein this portion of the statute has been construed, and our research has revealed none. Therefore, in order to resolve this issue, we find it necessary to apply the rules of statutory construction.

■ In construing a statute, all of its sections are to be construed together in light of the general purpose and plan, the evil intended to be remedied, and the objects to be attained. (*Anthony v. Butler* (1988), 166 Ill. App 3d 575, 579, 519 N.E.2d 1193; *Kennedy Brothers, Inc. v. Property Tax Appeal Board* (1987), 158 Ill. App. 3d 154, 160, 510 N.E.2d 1275.) Proper interpretation of the statute cannot be based only on its language, but must also include the consequences of construing it one way as opposed to another. (*Mulligan v. Joliet Re-*

*gional Port District* (1988), 123 Ill. 2d 303, 313, 527 N.E.2d 1264; *Grove School v. Department of Public Health* (1987), 160 Ill. App. 3d 937, 513 N.E.2d 973.) The court must be mindful that the legislature, in passing legislation, did not intend absurdity, inconvenience, or injustice. *Donnelly v. Edgar* (1987), 117 Ill. 2d 59, 66, 509 N.E.2d 1015.

■ We do not read this statute as precluding the judgment creditor's right to an appeal. We believe that the purpose of section 12—183 is twofold: (1) to serve as proof of payment of the judgment, barring any further attempt by the judgment creditor to enforce the judgment, and (2) to stop the accrual of post-judgment interest. Once a satisfaction of judgment has been filed in the trial court, the statute places a limitation on that court's jurisdiction to conduct further proceedings on the issue, but does not bar an appeal.

■ Our belief that this statute does not bar an appeal is strengthened by our reading of section 12—183(b) of the statute. (Ill. Rev. Stat. 1987, ch. 110, par. 12—183(b).) Pursuant to 12—183(b), if a judgment creditor refuses or fails to release a judgment, the judgment debtor may petition the court, tender to the court all sums due, and the court shall then enter an order satisfying the judgment and releasing all liens based thereon.

The effect of this section of the statute is to compel the entry of satisfaction of judgment. (See *People v. Carborundum Co.* (1984), 123 Ill. App. 3d 39, 462 N.E.2d 829.) Were we to apply Rinella's interpretation of the statute, a judgment debtor, pursuant to section 12—183(b), merely by petitioning the court to enter a satisfaction, could divest the creditor of any right to an appeal. It would be unfair for the legislature to, in the first place, compel the entry of a satisfaction and then, as a result of the compelled satisfaction, deny the right to appeal. We do not believe this to have been the legislature's intent.

Here, Rinella insisted that petitioner execute a satisfaction of judgment. Petitioner stated that she did not believe that Rinella was entitled to any fees; however, she acknowledged that the court could order her to sign a release and satisfaction of the judgment. While the appropriate action would have been for petitioner not to have accepted the check and for Rinella to have then deposited the check with the court, it is clear from this record that by executing the satisfaction of judgment, petitioner did not intend to abandon her right to appeal. We decline, based on section 12—183, to dismiss it.

RELEASE OF ERRORS

■ ■ The second theory upon which Rinella bases his argument for dismissal is the doctrine of release of errors. In Illinois, a litigant

cannot attack a decree if, by reason of enjoying the benefits of the decree, the opposing party would be placed at a distinct disadvantage upon reversal. (*Lemon v. Lemon* (1958), 14 Ill. 2d 15, 150 N.E.2d 608; *Boylan v. Boylan* (1932), 349 Ill. 471, 182 N.E. 614.) The key factor is distinct advantage to the opposing party. See *Del Muro v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 473, 478, 464 N.E.2d 772; *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1054, 430 N.E.2d 569; *Katz v. Katz* (1973), 10 Ill. App. 3d 39, 293 N.E.2d 904.

In *Del Muro*, the plaintiff was awarded compensatory damages and denied punitive damages. Over the plaintiff's objections, the trial court accepted the defendant's tender of the compensatory damages, satisfied the compensatory damages judgment and ordered the check to be deposited in the bank for use of the plaintiff and his attorneys. The plaintiff appealed the portion of the judgment which vacated the award of punitive damages. In rejecting the defendant's argument that the plaintiff could not accept part of an award deemed favorable to him and appeal the unfavorable portion, the reviewing court stated that the rule in Illinois was that a litigant could not attack a decree if, by reason of enjoying the benefits of the decree, the opposing party would be placed at a distinct disadvantage. Finding no disadvantage, the plaintiff's appeal was allowed. 124 Ill. App. 3d at 473.

Rinella has not argued, nor do we believe, that he would be disadvantaged by a reversal on appeal. Thus, we find that petitioner is not precluded from pursuing this appeal.

REASONABLENESS OF FEE AWARD

We turn now to petitioner's first contention that the evidence is insufficient to support the fee awarded. She argues that the trial court allowed fees for 36 hours when the evidence supports an award of fees for only 10 to 15 hours.

The determination of reasonable attorney fees is within the sound discretion of the trial court (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 488, 343 N.E.2d 897; *In re Custody of Scott* (1979), 75 Ill. App. 3d 710, 394 N.E.2d 779); however, this court will not hesitate to reduce the fees awarded if they are unreasonably high. (*Leader*, 62 Ill. 2d at 488.) The allowable fees in a dissolution proceeding should be fair to all parties involved (*Christian v. Christian* (1979), 69 Ill. App. 3d 450, 459, 387 N.E.2d 1254), and the amount awarded should be fair compensation for only those services which were reasonable and necessary to the action. *In re Marriage of Kruse* (1980), 92 Ill. App. 3d 335, 337, 416 N.E.2d 40.

■ Various factors warrant consideration in the determination of

a reasonable fee, including the skill and expertise of the attorneys employed, the nature of the controversy, the novelty or difficulty of the questions raised, the degree of responsibility involved, the time and labor required, the usual and customary charge in the community, and the benefit or result provided. *Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 602, 400 N.E.2d 56; see also *In re Marriage of Yakin* (1982), 107 Ill. App. 3d 1103, 436 N.E.2d 573.

■ Petitioner first argues that Rinella's compilation of fees is inadmissible hearsay. Rinella counters that the argument has been waived because petitioner raised no hearsay objection at the hearing. In her reply brief, petitioner argues that on September 28, 1988, she argued to the trial court that the compilation was hearsay.

We note that by September 28 the fee hearing had been concluded. It was not until petitioner presented her motion to reconsider that she raised the hearsay objection. It is well settled that an objection to the admission of evidence, to be timely, must be made at the time the evidence is introduced. Petitioner's objection, after the proceedings had concluded, is waived as untimely. *Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 1040, 522 N.E.2d 1341.

Petitioner next argues that the compilation was not sufficient to assist the court in determining the reasonableness of the fees charged because it: (1) failed to explain the method of calculation of the amount of fees claimed; (2) failed to itemize time and services adequately; (3) lacked any detail of services performed; and (4) omitted dates for several services claimed performed. She maintains that the compilation lacked adequate specificity and she lists several disputed charges to support her argument for a finding of reduced fees.

■ Justification of a fee requires more than the presentation of a compilation of hours multiplied by a fixed hourly rate. (*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 984, 518 N.E.2d 424.) A petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor. (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 89, 377 N.E.2d 1019; *Ealy v. Peddy* (1985), 138 Ill. App. 3d 397, 485 N.E.2d 1182.) Further, the time charged for services must have been necessary to handle the matter involved. (*Christian*, 69 Ill. App. 3d at 459.) Failure to maintain contemporaneous records of time spent by an attorney rendering services greatly increases the difficulty in determining the proper fee; however, estimates can properly be considered by the court even though they are clearly more susceptible to error, and thus more suspect than more properly maintained

time records. *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 584-85, 373 N.E.2d 576.

■ Here, in determining the allowable hourly rate, the court considered a 1981 fee petition which Rinella had filed in another case. In the other fee petition case, Rinella claimed his hourly rates to be $100 for in-office services and $125 for court work. At this hearing, Rinella testified that his hourly rates were $175 for in-office services, and $200 for court work. The court stated that Rinella was bound to the rates that he had claimed in the other 1981 fee petition.

In its memorandum opinion, the trial court stated that it considered those factors necessary in determining a reasonable fee award. The court then determined Rinella's fee award by multiplying the allowable hourly rate times the number of necessary hours claimed. Of the 41 hours claimed, the court found that Rinella had actually performed 35 hours of in-office work and one hour of court work. Accordingly, the court found that the $10,000 fee was unreasonable, awarded Rinella $3,625 in fees plus $108 in costs, and ordered Rinella to refund petitioner $6,267. No prejudgment interest was assessed.

In our review, we are mindful that the trial court, prior to determining a reasonable fee, had before it all of the evidence and heard all of the testimony. The court was also faced with the task of evaluating the conflicting testimony and making a determination as to the relative credibility of the witnesses. We believe that the trial court's determination of fees was reasonable, and we decline now to engage in a *de novo* review to arrive at a lesser fee.

Petitioner next argues that Rinella was not entitled to an hourly rate of $100. She has cited to several cases wherein the court has sanctioned lower rates than were permitted here. See *Christian*, 69 Ill. App 3d 450 (hourly rate $75); *Davis v. Davis* (1978), 63 Ill. App. 3d 465, 380 N.E.2d 415 (hourly rate of $40 allowed); *Gasperini*, 57 Ill. App. 3d 578 (hourly rate of $40); *Donnelley*, 80 Ill. App. 3d 597 (hourly rate of $74 allowed); *Yakin*, 107 Ill. App. 3d 1103 (hourly rate of $63 allowed for services rendered from 1979 to early 1981).

In Illinois, courts will not be bound by the opinion of attorneys as to what constitutes reasonable attorney fees. In assigning a value for legal services rendered, the courts may use the knowledge they have acquired in the discharge of professional duties. *Bellow v. Bellow* (1981), 94 Ill. App. 3d 361, 376, 419 N.E.2d 924.

We decline to decide the reasonableness of Rinella's $100 hourly rate based on cases wherein the legal services were rendered prior to 1981. Moreover, comparatively, if, as in *Christian*, a $75 hourly rate was reasonable for services rendered in 1977, it does not seem that a

$100 rate in 1981, three years later, is exorbitant. The trial court found that the $100 hourly rate was reasonable, and we have no basis upon which to disagree.

For the sake of brevity, we combine petitioner's next two arguments. She first argues that Rinella failed to perform services to obtain an equitable share of the marital estate for her. Thus, she argues, he should not be rewarded for substandard representation. She then argues that the fees charged and awarded are excessive for the results achieved.

■■ The trial court noted that petitioner received a $200,000 settlement in the dissolution. The marital estate was valued at $780,000. The court also pointed to the fact that petitioner had the proposed settlement agreement in her possession for a period of 30 days and that revisions in the agreement were the result of discussions petitioner had with her husband, Samuel Pitulla. The court stated that while the settlement seemed low, it was not unconscionable.

We note that at the dissolution hearing, petitioner stated that she was satisfied with the agreement and that she had not been coerced. She testified that she understood Rinella's advice to her, *viz.*, that if she took the dissolution to a trial she might receive additional money or property. Despite that advice, she agreed to the settlement.

At the fee hearing, Rinella testified that petitioner advised him to forego certain appraisals and valuations in order to expedite settlement; thus, he did not engage in some discovery which he would normally have done in similar cases.

We agree, considering the value of the marital property, that the settlement was too low. However, the testimony is to the effect that petitioner all but negotiated this settlement herself. She cannot now complain that Rinella failed to obtain a better result. Notwithstanding that, we believe that whatever benefit petitioner did receive was the result of the effort and skill of Rinella, and there is no evidence that he was negligent or incompetent in handling the case, or that he pressured her into making a premature or unwise settlement. We do not find the fee rate allowed to be excessive, and we therefore decline any further diminution.

As one of the issues in Rinella's cross-appeal concerns the reasonableness of the fee award, we will address it in this portion of the opinion. Rinella contends that the trial court improperly reduced the amount of fees to which he was entitled. He argues that the court made no express findings in its memorandum order concerning the factors upon which it relied in determining the award.

■■ Rinella's argument is without merit. While the trial court

need not expressly state the factors upon which it relied in determining a reasonable fee (see *In re Marriage of Kosterka* (1988), 174 Ill. App. 3d 954, 960-61, 529 N.E.2d 12), it is clear from the court's memorandum opinion that it considered the requisite factors. Even had the court not expressly stated that it had considered the necessary factors, absent some evidence, other than the amount of the fee awarded, we would not presume otherwise.

Additionally, Rinella asserts that he was not properly credited for tax advice that he gave to petitioner. Our review of Rinella's compilation revealed absolutely no entry for the rendering of tax advice, and certainly no advice which would justify a $5,000 charge.

Rinella's own testimony was that he did some research on whether attorney fees could be added to the basis of the property capitalized and sent petitioner an article on tax questions in divorce cases. He stated that he did not have to devote a lot of time to the subject because he is an expert in the field of family law and he already knew the answers to many of petitioner's questions. According to him, he spent two hours researching tax questions, and while he did not keep a record of the time spent for those services, it was additional time spent by him.

The trial court heard Rinella's testimony concerning the tax advice and it had the compilation of fees before it when it decided the fee award. We cannot say, based on the testimony and the record, that the court erred in making no additional award for tax advice.

SECTION 2—611 SANCTIONS

Petitioner's second contention is that the trial court erred in denying sanctions pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Throughout the course of this litigation both parties have presented motions requesting fee sanctions. Both parties, in both appeals, have raised issues concerning the trial court's decision to grant or to deny those motions. In order to avoid confusion, we will address only the section 2—611 motions in the first appeal in this portion of the opinion.

Section 2—611 of the Code of Civil Procedure provides for the imposition of attorney fees and costs for the filing of frivolous and unreasonable pleadings. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) The purpose of this section is to prevent abuse of the judicial process by sanctioning a party who brings vexatious litigation predicated upon false statements. *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 638, 494 N.E.2d 541.

A request for a fee award under section 2—611 is addressed to

the sound discretion of the trial court, and absent a showing of abuse, its determination will not be disturbed on review. (*Mari v. Westinghouse Broadcasting Co.* (1989), 179 Ill. App. 3d 321, 322, 534 N.E.2d 526; *La Salle National Bank v. Union Oil Co.* (1988), 177 Ill. App. 3d 259, 532 N.E.2d 277.) Because section 2—611 is penal in nature, it is strictly construed. (*La Salle National Bank,* 177 Ill. App. 3d at 262.) Thus, a party seeking an award under section 2—611 has the burden of establishing that he actually incurred fees and expenses by reason of the untrue pleadings. The petition for fees must specifically identify both the statements falsely made and the fees that resulted from those false statements. As a general rule, a hearing on both the merits of the petition and the amount of expense incurred is required before an award can be made. *Beno v. McNew* (1989), 186 Ill. App. 3d 359, 366, 542 N.E.2d 533; *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945.

By her next argument petitioner asks this court to reverse the trial court's denial of sanctions against Rinella for his having pleaded false acts in his fee petition. According to petitioner, Rinella stated higher rates in this fee petition than what he actually charged in 1981. Upon review of Rinella's fee petition, we find that he alleged that "the usual and customary value of said services is at the rate of $175 per hour office time and $200 per hour court time; and that said rates are fair and reasonable."

We believe that Rinella knew or should have known that the fee petition, as it pertained to this litigation, should have reflected his 1981 rates. As much as we regret fanning the undying flame of this litigation, we find that the trial court erred in denying petitioner's motion for sanctions on this issue. Pursuant to the statute, petitioner has clearly set forth in her motion the contents of the false statement, and that as a result of the statement, she incurred expenses in developing evidence to rebut the statement. Thus, we remand the case for findings on the sole issue of the cost to petitioner in gathering evidence to rebut the false fee amount stated in the petition.

Petitioner next argues that the court erred in denying sanctions against Rinella for the false statements he made in several pleadings. She points to the following instances: (1) Rinella's motion for a four-month continuance, which alleged his medical incapacity as well as that of his legal counsel, was a false pleading because he continued to work during that period; (2) in a notice of motion Rinella stated that he intended to present two orders which the court had previously ruled upon when, in fact, the court had only actually ruled on one of them; and (3) Rinella's February 17 petition for sanctions

falsely stated that the court had already ruled on petitioner's motion to segregate funds; Rinella falsely denied requesting a four-month continuance; and Rinella and his counsel falsely denied that they were performing legal services during the period of their claimed infirmity.

We believe that the trial court did not abuse its discretion in denying petitioner's motions. It appears that the trial court was overly burdened and constantly bombarded with motions for sanctions made for the slightest infraction. While petitioner is to be commended on her knowledge of the application of the rule, her constant resort to it did little to move this litigation to a speedy resolution.

MOTION TO SEGREGATE/REFUND FUNDS

Petitioner's third contention is that the trial court erred in granting attorney fees to Rinella in response to her motion to segregate and/or refund funds. During the course of the hearing on the fee petition, petitioner filed a motion to refund and/or segregate funds. In her brief she maintains that the motion was properly based on the law of the case, section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.*), and the law of constructive trusts.

Rinella filed no written response to the motion; however, in a section 2—611 motion, he alleged that the motion was frivolous and without merit. As a sanction against petitioner, he sought to recover attorney fees for having to respond.

■■■ We have reviewed petitioner's motion to segregate funds. The motion is completely devoid of any citation to authority as support. The trial court found that petitioner's motion, while creative, was frivolous and, in its memorandum order, the court ordered petitioner to pay Rinella the sum of $100 in attorney fees. Without determining the merits of petitioner's motion, we conclude that since the court made no specific findings as to the costs actually incurred by Rinella, we must reverse. See *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 505, 472 N.E.2d 170.

As a subissue, petitioner, relying on *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 20, 349 N.E.2d 73, *cert. denied* (1982), 455 U.S. 1018, 72 L. Ed. 2d 136, 102 S. Ct. 1714, argues that Rinella was not entitled to attorney fees because he appeared *pro se*. We note, as does Rinella, that *Rosenbaum* is distinguishable from this case in that the *pro se* party in that case was not an attorney. However, we do not regard that fact as decisive on the issue.

We agree with petitioner that attorneys appearing *pro se* are not entitled to recover attorney fees. (See *Hamer v. Lentz* (1989), 132 Ill.

2d 49, 547 N.E.2d 191 (plaintiff's status as an attorney proceeding *pro se* precluded an award of attorney fees under the Illinois Freedom of Information Act); see also 20 Am. Jur. 2d *Costs* §77 (1969); but see *Department of Conservation v. Lawless* (1981), 100 Ill. App. 3d 74, 426 N.E.2d 545 (attorney who appeared *in propria persona* entitled to fees under the Eminent Domain Act).) Since we have determined that Rinella was not entitled to the $100 sanction, we need not give this issue further consideration.

PREJUDGMENT INTEREST

Petitioner's fourth contention is that the trial court erred in its denial of prejudgment interest on the excess fees held by Rinella. She maintains that by virtue of Rinella's fiduciary relationship, a constructive trust should have been imposed on the funds wrongfully obtained and held by him.

 Generally, there is no right to receive prejudgment interest unless it is permitted by statute or there is an existing agreement between the parties. (*Alquire v. Walker* (1987), 154 Ill. App. 3d 438, 447, 506 N.E.2d 1334.) However, where a fiduciary or confidential relationship exists and is violated, interest upon a recovery may be permitted irrespective of a statute. (*LaBarbera v. LaBarbera* (1983), 116 Ill. App. 3d 959, 968, 452 N.E.2d 684.) Courts have allowed interest on recoveries only in cases where equitable considerations so warrant (*LaBarbera*, 116 Ill. App. 3d at 968), and, significantly, courts will not permit one standing in a fiduciary position to capitalize thereon for purposes of gaining an inequitable benefit. *Chicago Land Clearance Comm'n v. Yablong* (1960), 20 Ill. 2d 204, 207, 170 N.E.2d 145.

It is axiomatic that a fiduciary relationship exists as a matter of law between an attorney and his client. Therefore, it is incumbent upon the attorney that he exercise the utmost good faith and fairness in dealing with the client. (*Drake v. Becker* (1973), 14 Ill. App. 3d 690, 696, 303 N.E.2d 212.) All transactions arising out of the attorney-client relationship, including fee arrangements, are subject to the closest scrutiny. (*Anderson v. Sconza* (1989), 179 Ill. App. 3d 202, 206, 534 N.E.2d 445.) Naturally, an attorney has a duty, *inter alia*, not to overcharge his client. *Coughlin v. SeRine* (1987), 154 Ill. App. 3d 510, 514, 507 N.E.2d 505.

In *Drake*, the trial court had entered an order that the attorney be paid $40,000 as the total amount due for services rendered. Subsequently, the attorney advised the client that the fee award was inadequate and demanded an additional $30,000 or he would no longer provide her with legal services. The client paid the additional $30,000, but

later sued to recover the fee. The trial court ordered the attorney to repay the client the $30,000, with interest and costs. The appellate court affirmed the order. *Drake*, 14 Ill. App. 3d 690.

Rinella distinguishes *Drake* on the basis that the attorney's conduct there had been in direct contravention to an order of the court. We accept Rinella's distinction. Further, we do not find Rinella's conduct to have been as egregious as that of the attorney in *Drake*. However, we are no less troubled by the benefit that he received as a result of his retention of the excessive fee.

Other than *Drake*, our research has revealed no other Illinois case wherein interest was awarded on the refund of excessive attorney fees. However, *Estate of Bradley* (Sur. 1985), 490 N.Y.S.2d 105, 128 Misc. 2d 240, has provided some additional guidance. In *Bradley*, the court determined that the attorney had charged an unfair and unwarranted fee of $8,500 for the preparation of a simple will and the administration of a small, uncomplicated estate. The court stated that contracts between attorneys and clients, as a matter of public policy, are of special concern to the courts. (*Bradley*, 490 N.Y.S.2d at 106, 128 Misc. 2d at 241.) Accordingly, the court reduced the fee to $750, and ordered the attorney to refund to the client the excess fee, with interest from the date the attorney filed the petition for letters of administration. *Bradley*, 490 N.Y.S.2d at 106, 128 Misc. 2d at 241.

██ We believe that it would be unfair for Rinella to benefit from the possession of funds to which he was not entitled. Thus, we find that the trial court abused its discretion in denying petitioner prejudgment interest on the excessive portion of the fee. In so finding, we are mindful that the interest is nothing more than what petitioner is entitled to for the period of time which Rinella had use of the funds and she was deprived thereof. Accordingly, Rinella should refund to petitioner interest earned on the sum of $6,267, which is the total amount of the excessive fee, exclusive of the $108 in costs, commencing from the date the fee was paid until entry of the judgment on the fee petition.

RULE TO SHOW CAUSE

Petitioner's fifth contention is that the trial court erred in imposing sanctions against her for pursuing her petition for rule to show cause. She claims that the petition contained no false statements of law or fact and, therefore, sanctions were not warranted. She urges three points in support of her argument.

Petitioner first argues that the sanctions were improperly imposed because the supporting motion was not verified as required by section

2—605 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—605). Further, since Novoselsky, the attorney who signed the motion, failed to file an appearance in the case, he was not the attorney of record. 107 Ill. 2d R. 13(c)(1).

▉▉ Petitioner's arguments lack merit. Initially, we note that petitioner failed to raise the deficiency of the motion below and has thus waived that issue for purposes of our review. *Renfield Importers, Ltd. v. Foremost Sales Promotions, Inc.* (1974), 21 Ill. App. 3d 577, 315 N.E.2d 561 (abstract of opinion).

We also note that while the motion was not verified, it was sworn to in the presence of a notary public. The purpose of requiring that pleadings be verified is to confirm the correctness, truth or authenticity of the pleading. We believe that the notarization was in compliance with the letter and intent of the rule.

Finally, regarding Novoselsky's failure to file his appearance, Rule 13 (107 Ill. 2d R. 13) is the supreme court's attempt to deal by rule with the problem of when and under what circumstances an attorney for a party can withdraw. (Ill. Ann. Stat., ch. 110A, par. 13(a), Historical and Practice Notes, at 32 (Smith-Hurd 1985).) Under paragraph (c) of the rule, an attorney's written appearance on behalf of a client before any court in Illinois binds the attorney to continue to represent that client until the court grants leave for the attorney to withdraw. (Ill. Ann. Stat., ch. 110A, par. 13(c), Committee Comments, at 31 (Smith-Hurd 1985).) The rule, which was added in 1982, is patterned after Circuit Court Rule 1.4. (Illinois Courts Rule Book, Rules of the Circuit Court of Cook County, Rule 1.4 (3d ed. 1982).) The purpose of Rule 1.4, as explained in *Tobias v. King* (1980), 84 Ill. App. 3d 998, 1001, 406 N.E.2d 101, is to inform the court and the parties of who is properly representing each party and where that person may be served with notice. Neither rule specifies any sanctions for noncompliance.

Here, the case proceeded without any apparent objection, inconvenience or confusion on the part of the court or the parties as to who was properly representing whom and without any claim or evidence of prejudice to petitioner. (See *Tobias*, 84 Ill. App. 3d at 1001.) We conclude that Novoselsky was properly recognized as the attorney of record.

Petitioner next argues that the motion for sanctions was not well grounded in fact or law. She asserts that the motion fails to set forth any specific allegations of false statements in her petition and does not state a basis for the fees claimed by Rinella. We disagree.

▉▉ Petitioner's contention that she was wrongfully assessed sanctions under section 2—611 is premised on her belief that there was

no proper tender at the December 19 hearing. She maintains that tender was not legally sufficient because it did not include the accrued post-judgment interest. Proper resolution of this issue necessarily turns on whether there was a sufficient tender.

"As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender." (*Smith v. General Co.* (1973), 11 Ill. App. 3d 106, 109, 296 N.E.2d 25; see also *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 526, 202 N.E.2d 512; *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.* (1959), 17 Ill. 2d 242, 246, 161 N.E.2d 101.) A valid tender requires readiness, willingness, and the ability to perform. *In re Estate of Krotzsch* (1977), 48 Ill. App. 3d 178, 180, 362 N.E.2d 805.

The debtor has the duty to insure that his tender is sufficient in amount. (*Smith*, 11 Ill. App. 3d at 109.) "The law interprets the conduct of the parties as to a tender according to their apparent intention and determines its sufficiency upon the objections then stated, and silence is considered a tacit waiver of other objections." *Thompson v. Crains* (1920), 294 Ill. 270, 278, 128 N.E. 508; see also *Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 551 N.E.2d 1319; *Ricke v. Ricke* (1980), 83 Ill. App. 3d 1115, 405 N.E.2d 351.

In *Ricke* the defendant tendered two checks in open court to the plaintiff's attorneys. Tender was refused both before and after the hearing on the ground that the plaintiff's attorneys were not authorized to accept payment. No other objection to the tender was made. (83 Ill. App. 3d at 1121.) On appeal, the court noted that the plaintiff's attorneys did not object to the sufficiency of the tender, but stated that they did not know, or have an opportunity to determine, if the amount was correct. Therefore, the court held that the plaintiff had waived any other objection to the tender, both by silence and by placing the refusal on the ground stated. 83 Ill. App. 3d at 1122.

█ It does appear from the record that the December 19 tender was not legally sufficient, *viz.*, it did not include the accrued interest amount. However, it was the apparent intention of Rinella to tender what was due, and any objection to its sufficiency should have been made at the time of the tender. The deficiency in the amount could properly have been cured by the court in the first hearing. Having voiced no such objection, and resting solely on a lack of authority to accept the tender, petitioner waived the sufficiency objection. As in *Ricke*, petitioner here cannot now complain on a ground not raised at the time of tender.

Furthermore, where the court finds that there has been a lack of

good faith by one of the parties, resulting in excessive litigation, attorney fees to cover the cost of the unnecessary litigation may properly be assessed against the overly litigious party. (*In re Marriage of Pillot* (1986), 145 Ill. App. 3d 293, 302, 495 N.E.2d 1247.) The basis of petitioner's petition for the rule to show cause was that Rinella had failed to pay the previously ordered judgment. Once Rinella tendered the judgment, and petitioner refused to accept it, the allegations in the petition were no longer valid. Thus, for petitioner to pursue the rule to show cause beyond the December 19 hearing date was without reasonable cause and properly the subject of sanctions.

In *Pillot* (145 Ill. App. 3d 293), the petitioner in a dissolution action acknowledged the debt for attorney fees owed to an intervenor. The respondent denied the intervenor's claim and the amount due, which made it necessary for the intervenor to obtain legal counsel to litigate the claim. It was not until the intervenor had nearly completed her case in chief, during which she tendered the necessary documentation of her claim, that the respondent agreed to the existence of the intervenor's debt. Based on the respondent's conduct, the appellate court found that the trial court had not abused its discretion in assessing the intervenor's attorney fees against the respondent.

Petitioner's third and final argument on this issue is that, by the imposition of the sanctions, she was improperly penalized for pursuing the relief to which she was entitled. We disagree.

Petitioner pursued the petition knowing that she had no intention of accepting any tender until she was assured her right to appeal. Not only was Rinella required to tender, but petitioner was required to accept the tender.

### REIMBURSEMENT OF FEES

■■ Petitioner's sixth contention is that the trial court erred in refusing to award her fees to reimburse her for the costs she incurred in filing the petition for the rule to show cause. She maintains that the court improperly discharged the rule before the relief sought by the petition was achieved.

"[C]ivil contempts are those prosecuted to enforce the rights of private parties and to compel obedience to orders or decrees for the benefit of opposing parties." (*People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 409, 173 N.E.2d 417.) A civil contempt action is remedial in nature (*United States v. Greyhound Corp.* (N.D. Ill. 1973), 363 F. Supp. 525, 570, supplemented (1974), 370 F. Supp. 881, *aff'd* (1974), 508 F.2d 529), and is designed to benefit a party to the litigation. (*People v. Gray* (1976), 36 Ill. App. 3d 720, 722, 344

N.E.2d 683, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887; *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 306 N.E.2d 604.) It is said that the contemner holds the keys to his own cell in that he may purge himself of the contempt by obeying the court order. (*Gray*, 36 Ill. App. 3d at 722.) Once compliance has been achieved, civil sanctions are no longer necessary or appropriate. (*Greyhound Corp.*, 363 F. Supp. at 570.) Finally, a court may properly assess fees as a sanction in a contempt proceeding where those fees have been shown to be reasonable by submitting detailed time records to the court. *Welch v. City of Evanston* (1989), 181 Ill. App. 3d 49, 56, 536 N.E.2d 866; *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 482 N.E.2d 1014.

██ We find no abuse of discretion in refusing petitioner's request to award attorney fees for pursuing the rule to show cause. Petitioner filed the petition, compelled tender, then, without any complaint about its sufficiency, refused it. She should not have brought the petition until she was ready and able to accept the tender. Even assuming, *arguendo*, that the December 19 tender had been legally sufficient, petitioner's attorney would nonetheless have refused it since he lacked authority to accept it. Rinella should not be penalized for petitioner's tactical error.

Further, Rinella, by offering the refund at the December hearing, albeit insufficient, purged himself of the contempt. In light of the fact that petitioner refused the tender, any further action against him by the court would have been inappropriate. We believe that the court acted properly in discharging the rule and denying fees.

EXPERT WITNESSES

██ Rinella next contends that the trial court erred in barring the testimony of his expert witnesses. Supreme Court Rule 220 requires, *inter alia*, that upon interrogatory propounded for discovery, the party employing an expert is required to state the conclusions and opinions of the expert and the basis therefor. (107 Ill. 2d R. 220.) The purpose of the rule is to insure the parties to a lawsuit sufficient time in advance of trial for the preparation of their case. (Ill. Ann. Stat., ch. 110A, par. 220, Committee Comments, at 438 (Smith-Hurd 1985).) Failure to make the required disclosure or to comply with discovery contemplated by the rule will result in disqualification of the expert as a witness. 107 Ill. 2d R. 220.

██ Here, an order was entered directing the parties to disclose their expert witnesses and their opinions. Petitioner submitted interrogatories to Rinella wherein she requested that he disclose the conclu-

sions of his experts concerning reasonable attorney fees, and the basis for those conclusions. In response, Rinella stated that the attorney fees requested were reasonable based upon the facts and circumstances of the case.

The trial court found Rinella's response to petitioner's interrogatories to be insufficient. Supplemental interrogatories were subsequently served and a response deadline was set for compliance with the discovery order. Upon finding that the order had not been complied with, the trial court admonished Rinella that he had had two opportunities to comply. The court correctly stated that it had no choice but to bar the testimony of the experts.

We find no abuse of discretion in barring the expert testimony. Moreover, even had the experts been permitted to testify, their testimony could not rebut the evidence of Rinella's 1981 fee petitions wherein he stated that his hourly rates were $100 for office work and $125 for court work.

SANCTIONS FOR FRIVOLOUS APPEAL

Finally, Rinella urges this court to assess additional costs and attorney fees against petitioner pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), and/or Supreme Court Rules 137 or 375 (134 Ill. 2d Rules 137, 375) for filing the second appeal. He maintains that the appeal, which was predicated upon a baseless proceeding below, was likewise, untenable.

We decline to impose the sanctions requested. Recently, we held that neither section 2—611, nor Rule 137 confers authority upon this court to impose sanctions for frivolous appeals. (See *Harris v. Harris* (1990), 196 Ill. App. 3d 815, 555 N.E.2d 10.) Further, we note that since Rule 375, which was adopted subsequent to the filing of this appeal, is penal in nature, it may only be imposed prospectively. *Dunaway v. Ashland Oil, Inc.* (1989), 189 Ill. App. 3d 106, 117, 544 N.E.2d 1313.

For the foregoing reasons, in the first appeal (No. 1—88—3129), we affirm in part, reverse in part, and remand for findings consistent with this opinion. In the second appeal (No. 1—89—0553), we affirm the judgment of the circuit court.

No. 1—88—3129, Affirmed in part; reversed in part and remanded.
No. 1—89—0553, Affirmed.

CERDA, P.J., and WHITE, J., concur.