*In re* PHIL DENBY, a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Phil Denby, Respondent-Appellant).

Fourth District No. 4—94—0671

Opinion filed July 11, 1995.—Rehearing denied August 15, 1995.

288

KNECHT, P.J., dissenting.

John B. Lower and Jeff Plesko, both of Guardianship & Advocacy Commission, of Anna, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Joseph J. Ciaccio, Sr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

On July 15, 1994, the trial court determined respondent Phil Denby remained in need of involuntary admission for mental health treatment following a hearing on respondent's petition for discharge. Respondent appeals that determination, contending the trial court improperly allowed respondent to represent himself at the hearing. We affirm.

Respondent's petition for discharge, filed July 7, 1994, requested that respondent be released from the McFarland Mental Health Center and offered the following as the reason:

"Formal Discharge 'U.S. Army'
Scotch Scotish [sic] Guard and British War Ministry[.]"

At the beginning of the hearing, respondent's counsel, William Conroy, stated respondent had indicated he did not wish to be represented by Conroy. When the trial judge asked respondent if this was true, respondent replied, "That's correct." The court noted respondent's brother, a lawyer, who was serving as respondent's guardian, was present. The following exchange then took place:

"THE COURT: Again, Mr. Denby, did you indicate to Mr. Conroy that you do not wish him to represent you?

[Respondent]: I did.

THE COURT: And are you going to represent yourself or how do you wish to proceed?

[Respondent]: I wish to represent myself.

THE COURT: All right, you are here in no other capacity than as his brother, the other Mr. Denby?

[William Denby]: I am in my capacity as guardian for Phil."

Conroy continued to remain at counsel table during the entire proceedings. When the court ordered respondent to proceed and

inquired if respondent had any further evidence he wished to offer, respondent stated he had presented all his evidence in his petition for discharge. Upon the court's inquiry, William Denby stated he would join in respondent's petition if he had some medical information, or if someone from the staff had indicated that respondent was ready to be discharged.

The State's only witness, Sharon Peters, a licensed clinical social worker, testified respondent suffered from schizophrenia, disorganized type. He remained very delusional, took medication reluctantly, and still needed the supervision he received as an inpatient. She noted there had been some improvement in respondent's condition as a result of his medication, but "not as much as would be desired yet." Respondent required prompting to bathe, eat, and dress, and Peters opined hospitalization was currently the least restrictive treatment alternative for respondent.

The court inquired if respondent wished to cross-examine Peters. Following respondent's refusal, the court asked Peters if she was familiar with respondent's routine when he was discharged from McFarland and went to live in the community. Peters noted respondent, upon discharge, usually went to independent living and stopped taking his medication when he left the hospital. The court then inquired, "[D]oes the guardian have some questions?" William Denby asked Peters several questions concerning whether a change in respondent's medication would enable respondent to leave McFarland.

The trial court denied respondent's petition for discharge. This appeal followed.

■ The Mental Health and Developmental Disabilities Code (Code) guarantees all persons subject to involuntary commitment a right to counsel. (405 ILCS 5/3—805 (West 1992).) Counsel can be waived by a respondent only if the court is satisfied respondent has the capacity to make an informed waiver. (405 ILCS 5/3—805 (West 1992).) The determination to allow a respondent to waive his or her right to counsel is a discretionary matter which rests with the trial court. *In re Click* (1990), 196 Ill. App. 3d 413, 419, 554 N.E.2d 494, 497.

■ Initially, the State contends respondent did not waive his right to counsel, but proceeded through the hearing with assistance of counsel. In *Click*, this court summarized the factors other courts have used to determine whether a defendant or respondent has waived the right to counsel and has proceeded without assistance of counsel. These factors include: (1) whether respondent asked for counsel to remain and assist him; (2) whether respondent incompetently or vigorously defended himself; and (3) whether the public defender was silent during the hearing or assisted respondent in a

meaningful way. (*Click,* 196 Ill. App. 3d at 422, 554 N.E.2d at 499.) In *Click,* the court determined respondent waived his right to counsel, because (1) he did not ask the court for the public defender's assistance; (2) he did not put on any defense other than a rambling oration; (3) the public defender remained silent during the entire hearing; and (4) the court expressly stated, " 'I will find you knowingly waive your right to counsel.' " *Click,* 196 Ill. App. 3d at 422, 554 N.E.2d at 499.

■ Here, respondent did not ask his court-appointed attorney to remain and assist him, although Conroy remained at counsel table. Respondent did not vigorously defend himself, and Conroy was silent following respondent's declaration that he wished to represent himself. However, after asking respondent whether he would like to question Peters, the court asked Peters several questions. William Denby then questioned Peters.

Due to William's vigorous cross-examination of Peters, the State asserts William entered his appearance on behalf of respondent and thus served as respondent's attorney. However, the case the State cites for this proposition, *In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, 559 N.E.2d 819, contravenes the State's assertion. *Pitulla* noted that an attorney's written appearance on behalf of a client before any court in Illinois binds the attorney to continue to represent that client until the court grants leave for the attorney to withdraw. (*Pitulla,* 202 Ill. App. 3d at 120, 559 N.E.2d at 832.) In the instant case, there is no evidence that William entered a written appearance on behalf of respondent; on the contrary, William expressly stated he was present at the hearing in his capacity as guardian for respondent. We therefore hold respondent did waive his right to counsel.

We now must decide whether the trial court's apparent failure to determine whether respondent was competent to waive his counsel was error. In *Click,* this court held the trial court erroneously allowed the respondent to waive his right to counsel despite respondent's obvious confusion about the ramifications of that waiver, stating: "The very nature of the hearing, respondent's confusion, and respondent's actions during the hearing should have made the court question whether respondent had the capacity to make an informed waiver of counsel." (*Click,* 196 Ill. App. 3d at 423, 554 N.E.2d at 500.) In *In re Tiffin* (1995), 269 Ill. App. 3d 581, 646 N.E.2d 285, the trial court had granted respondent's motion to waive counsel and dismissed the public defender. Respondent's attempted cross-examination and objections to evidence were overruled or found to be irrelevant, and respondent's testimony consisted of reciting some

songs and poems he had written while at McFarland. The court also noted the State's evidence that respondent was subject to involuntary commitment was not strong. For these reasons, the court in *Tiffin* determined the trial court's failure to inquire into respondent's knowledge of the consequences of waiving his right to counsel prejudiced respondent, and the trial court's abuse of discretion required reversal of its commitment order. *Tiffin*, 269 Ill. App. 3d at 586, 646 N.E.2d at 288.

Here, although the trial court allowed respondent to waive his right to counsel without questioning respondent to determine whether respondent was competent to make that waiver, we find respondent was not prejudiced by his waiver of counsel. Unlike the respondents in *Click* and *Tiffin*, respondent did not offer any testimony to the court which clearly manifested his mental illness. Moreover, respondent's guardian and the trial judge both questioned the State's witness to determine whether respondent was in fact subject to involuntary commitment and whether hospitalization remained the least restrictive treatment alternative for respondent. We recognize this is a close case, but we are unwilling to say the trial court abused its discretion given the facts of this case. While the better policy is for the trial court to ask a few questions of the respondent to make certain the respondent understands the consequences of waiving his or her counsel, we cannot say reversal is required on every occasion in which the trial court has failed to do so.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN, J., concurs.

PRESIDING JUSTICE KNECHT, dissenting:

The trial court erred when it permitted respondent to waive his right to counsel without determining whether he was competent to do so. This case involves a petition for discharge by a respondent who had previously been involuntarily admitted. Thus, the trial court knew it was confronted with someone who had been proved to be mentally ill and in need of treatment.

In addition, the respondent's petition for discharge showed a delusional thought process with reference to the United States Army, the Scotch Guard and the British War Ministry. Further, another trial court had previously found respondent to be in need of a guardian.

Even if none of these factors were present, it is the obligation of the trial court to determine whether a respondent has the capacity to make an informed waiver of counsel (405 ILCS 5/3—805 (West 1992)). A previously committed, delusional respondent who has a court-appointed guardian is unlikely to be an effective *pro se* advocate.

It is reversible error to permit *any* respondent to waive counsel without determining his understanding of the purpose of counsel and the proceedings. It is an egregious error in this case to permit a waiver because all that was known by the court, without any inquiry, should have resulted in refusing the waiver. It was an abuse of the trial court's discretion to fail to make any inquiry into respondent's understanding of the consequences of waiving his right to counsel and representing himself.